*In the matter of the petition of* JAMES LEWIS, *et al., for a Writ of Habeas Corpus.*

COMPLAINT, *Unduly Verified; Writ of Habeas Corpus, Refused.* Where the county attorney files a complaint before a justice of the peace charging the defendant with the commission of a misdemeanor, and the complaint is sworn to by the county attorney "on information and belief," and is not sworn to in any other manner; and a trial is had before the justice, and the defendant found guilty and sentenced to imprisonment in the county jail, and he is so imprisoned: *Held,* On a petition for a writ of *habeas corpus,* that the imprisonment cannot be held to be illegal, where no other ground exists for so holding than that the complaint was sworn to only "on information and belief."

## Original Proceedings in Habeas Corpus.

PETITION for a writ of *habeas corpus* in behalf of *James Lewis* and three others, filed in this court, October 16, 1883. The facts appear in the opinion filed at the December, 1883, session of the court.

*G. P. Smith,* for petitioners.

*G. A. Amos,* county attorney, for respondent.

The opinion of the court was delivered by

VALENTINE, J.: This is a petition for a writ of *habeas corpus,* presented to this court by James Lewis, Mattie Lewis, Minnie Brooks, and Love Kenton. They claim that they are illegally restrained of their liberty by David Worst, the sheriff and jailer of Allen county. It appears from the petition and the exhibits thereto that on August 24, 1883, G. A. Amos, county attorney of Allen county, Kansas, filed a complaint before J. Bond, a justice of the peace of that county, charging the defendants with keeping and being inmates of a house of prostitution, and being vagrants. This complaint was sworn to by the county attorney "on information and belief," and was not sworn to in any other manner. A trial was had before the justice, and the defendants in that proceeding, the petitioners in this, were found guilty and sentenced to imprisonment in the county jail of said county. Afterward the justice of the peace issued his warrant for the purpose of enforcing the sentence and judgment against the defendants, the present petitioners; and the said David Worst, as sheriff and jailer of said county, is now confining them in the county jail.

It seems that the only irregularity in the entire proceedings is, that the original complaint was not sworn to upon the knowledge of any person, but was sworn to simply upon the information and belief of the county attorney. Now we do not think that this irregularity is sufficient to invalidate the proceedings of the justice of the peace so that they may be

attacked collaterally and held void on an application for a writ of *habeas corpus.* A justice of the peace, under the statutes, has jurisdiction of the kind of offenses of which the petitioners were charged in this case. (See act relating to Crimes and Punishments, Comp. Laws 1879, ch. 31, § 280.) These offenses are misdemeanors, punishable by fine and imprisonment in the county jail. The justice of the peace in the present case also had jurisdiction of the persons of the petitioners; and, we also think, had jurisdiction to hear and determine all matters in controversy between the state of Kansas and the petitioners.

It may be true that the complaint was not sworn to in a proper manner, but, under the circumstances of this case, we do not think it is material whether it was or not. It was in fact sworn to; and this we think gave the justice of the peace sufficient jurisdiction to hear and determine the case. It does not appear that any objection was made; but an objection would not have had the effect to oust the justice of his jurisdiction. It would simply have given the justice an opportunity to dismiss the case if the complaint had not been amended by verifying it by a positive oath or affirmation. If the defendants, the present petitioners, did not wish to go to trial upon a complaint which was not properly sworn to, they should have made their objection to the justice of the peace and obtained his decision thereon. It does not seem that they made any such objection, but went to trial upon the complaint as it was—took their chances—and upon such trial were found guilty. Now by going to trial upon the complaint as it was, without making any such objection, we think they waived the irregularity in the oath attached to the complaint. (*The State v. Otey,* 7 Kas. 69; *The State v. Ruth,* 21 id. 583.) Evidently the defendants, the present petitioners, were found guilty upon competent and sufficient legal evidence, and such evidence amply supplied the informal oath attached to the original complaint.

Counsel for the petitioners has made an able and ingenious argument in this case to show that they are illegally impris-

oned and illegally and wrongfully restrained of their liberty; but we do not think that the argument is sufficient.

The petition will be denied.

All the Justices concurring.