## THE STATE OF KANSAS V. ISRAEL LONGTON.

35   375
47   730

35   375
49   145

35   375
51   791

35   375
54   231

35   375
76   657

INFORMATION — *Waiver of Defects.* Where a criminal warrant is issued upon an information charging the defendant with selling intoxicating liquors in violation of law, and the defendant, without making any objection to the sufficiency of the warrant, or the sufficiency of the information, or the sufficiency of the verification thereof, enters into a recognizance for his appearance at the next term of the court, and is thereby discharged from arrest, he waives any supposed defects or irregularities in the issuing of the warrant without a sufficient verification of the information, and cannot afterward for that reason and upon motion have the warrant quashed or set aside.

### *Appeal from Cloud District Court.*

PROSECUTION for a violation of the prohibitory liquor law. The defendant *Longton* appeals. The opinion states the case.

*L. J. Crans,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was a prosecution upon a criminal information filed in the district court of Cloud county, on October 22, 1885, charging the defendant, Israel Longton, with selling intoxicating liquors in violation of law, and without first taking out and having a permit authorizing him to make such sales. The information contained two counts, and was verified by the county attorney upon information and belief, and by the affidavit of another person, filed with the information, and this affidavit was sworn to positively, and was a sufficient verification of all the material allegations of the information, except that the defendant made the unlawful sales complained of "without first taking out and having a permit therefor." Upon this information, and on October 23, 1885, a warrant was issued for the arrest of the defendant. On October 24, 1885, he was arrested, and on the same day entered into a recognizance for his appearance at the next term

of the district court, and was discharged from the arrest. On October 26, 1885, the warrant was returned to the district court. On February 17, 1886, the case was called for trial, and the defendant then filed a motion to set aside and quash the warrant, and that he be discharged without day. This motion was overruled. The defendant was then arraigned, but refused to plead, and the plea of "not guilty" was entered for him. He was then tried before the court and a jury, and was found guilty under the second count of the information and not guilty under the first count, and was sentenced to imprisonment in the county jail of Cloud county for the term of forty days, and that he pay a fine of $125 and the costs of the prosecution. From this sentence he appeals.

The only grounds urged in this court for a reversal of the sentence and judgment of the court below, are that the information was not properly verified, and therefore that the warrant was improperly issued; that the defendant was wrongfully arrested thereunder, wrongfully required to enter into a recognizance for his appearance at court, and wrongfully tried upon the information. The case of *The State v. Gleason,* 32 Kas. 245, is relied on by the defendant as decisive of this case in his favor. He also cites the following cases: *In re Lewis,* 31 Kas. 71; *The State v. Blackman,* 32 id. 615; *The State v. Brooks,* 33 id. 708, 712; *The State v. Goodwin,* 33 id. 538. None of the authorities cited by the defendant goes to the extent which he claims, and some of them are directly opposed to what he claims. See also the case of *The State v. Bjorkland,* 34 Kas. 377, which enunciates doctrines which we think require a decision in this case adverse to the defendant. The defendant was not under arrest at the time he made his motion to set aside the warrant and to be discharged. The warrant had long before that time spent its force and had been returned by the sheriff to the court, and so far as the warrant was concerned, the defendant had a right to go when and where he pleased. Of course the defendant was under recognizance to appear at court, but he made no motion to set aside the recognizance. Besides, he

probably could not have had it set aside even if he had made the motion, for this court has decided, in both the Blackman case and the Bjorkland case, *ante,* that the verification of an information by the county attorney upon information and belief is sufficient for all purposes, except for the purpose of issuing a warrant for the arrest of the defendant. We think when the defendant entered into a recognizance for his appearance at court, without making any objection to the sufficiency of the warrant, or the sufficiency of the information, or the sufficiency of the verification thereof, he waived the supposed defects in the verification of the information and the irregularity in issuing the warrant without a sufficient verification.

The judgment of the court below will be affirmed.

All the Justices concurring.