## *Ex Parte* MURPHY.

### [*Opinion Filed Jan. 12, 1892.*]

1.  TERRITORIAL COURTS—*Federal Jurisdiction.*—Under Organic Act, § 9, which provides that writs of error and appeals shall be allowed in all cases from the final decisions of the district courts of the Territory, bail, pending an appeal in a criminal case on the Federal side of a Territorial court, will be allowed as provided by the statute of the Territory, there being no Federal statute on the subject.

2.  CHANGE OF VENUE—*Review on Error.*—The overruling of an application made before trial for a change of venue, on account of alleged prejudice of judge, is, at most, an error reviewable on appeal or writ of error, and cannot be considered on *habeas corpus.* (*Ex parte Harlan*, Oklahoma, 27 Pac. Rep. 920, followed.)

James M. Murphy was convicted of perjury, and sentenced, and his motion for appeal denied. He petitioned for writ of *habeas corpus*, and also prayed the court to fix amount of bail pending appeal.     Granted in part.

*Amos Green*, for the petitioner.

*Horace Speed*, for the United States.

The opinion of the court was delivered by

GREEN, C. J.   The petitioner for a writ of *habeas corpus* in this case, was convicted of the crime of perjury on the Federal side of the district court of Oklahoma county, and, on the 4th day of January, 1892, was sentenced to imprisonment at hard labor in the penitentiary, at Columbus, Ohio, for a term of four years, and that he pay a fine of one dollar.

At the time of pronouncing judgment against the petitioner, he prayed an appeal to this court from such judgment, and moved the court to fix the amount of his bail bond, as provided by the Statutes of Oklahoma, which motion was denied by the court on the ground that there was no Federal statute authorizing such ac-

tion, and that the Statutes of Oklahoma did not apply to prosecutions on the Federal side of the court. The petitioner now prays that this court may fix the amount of his bail bond, in order that he may be enabled to perfect his appeal as prayed in the court below.

Without stopping to discuss the propriety of presenting the questions involved by writ of *habeas corpus*, in view of their importance, and for the purpose of determining the proper practice of the district courts in criminal cases, when exercising the jurisdiction of district and circuit courts of the United States, the case will be considered as one regularly before this court, and disposed of as such.

Section 9 of the organic act provides, *inter alia*, as follows:

"Writs of error, bills of exception, and appeals shall be allowed in all cases from the final decisions of said district courts to the supreme court under such regulations as may be prescribed by law, but in no case removed to the supreme court shall trial by jury be allowed in said court. In addition to the jurisdiction otherwise conferred by this act, said district courts shall have and exercise exclusive original jurisdiction over all offenses committed against the laws of the United States committed within that portion of the Cherokee Outlet not embraced within the boundaries of said Territory of Oklahoma as herein defined, and in all civil cases between citizens of the United States residing in such portion of the Cherokee Outlet, or between citizens of the United States, or of any state or territory, and any citizen of or person or persons residing or found therein, when the value of the thing in controversy, or damages or money claimed shall exceed one hundred dollars; writs of error, bills of exceptions, and appeals shall in all such cases, civil and criminal, be allowed from the district courts to the supreme court in like manner, and be proceeded with in like manner as in cases arising within the limits of said Territory."

It is manifest, from these provisions of the organic

act, that Congress intended that appeals and writs of error should be allowed *in all cases*, civil and criminal, from the final judgments of the district courts to this court; and that such appeals and writs of error should be prosecuted under such regulations as should be prescribed by law; and these provisions of the organic act apply as well to cases on the Federal side as on the territorial side of the district courts.

But under the regulations of what law are such appeals and writs of error to be prosecuted, when the judgment is rendered on the Federal side of the district court, and in a criminal case?

In *Clinton v. Englebrecht*, 13 Wall. 434, it was held that the district and supreme courts of the territories are not courts of the United States, but legislative courts of the territories, and that jurors summoned into them under the acts of Congress applicable only to the courts of the United States, were wrongly summoned, and a judgment on their verdict could not be sustained, and that the statutes of the territories control in such cases.

In *Reynolds v. United States*, 98 U. S., 145, the indictment on which the defendant was convicted of bigamy, on the Federal side of the district court, was found by a grand jury of fifteen persons, impanneled pursuant to the statutes of Utah; and it was objected that the grand jury was not legally impanneled, and that the indictment was not legally found. But it was held that the Revised Statutes of the United States, providing for impanneling grand juries, and prescribing the number of persons of which they shall consist, not fewer than sixteen nor more than twenty-three, apply only to the circuit and district courts of the United States, and not to the district courts of the territories; and that the grand jury was legally impanneled under the statutes of Utah, and the indictment was legally found.

In *Miles v. United States*, 103 U. S. 304, which was an indictment for the crime of bigamy, on the Federal side of the district court of Utah, the statutes of that territory were applied on the trial of the jurors to determine their competency to sit in the case, and, also, on the trial of the case to determine the competency of the wife to testify against her husband; and it was held by the Supreme Court of the United States to be no error, but the proper and correct practice.

If these cases settle any rule of practice, and they certainly do, it is, that the practice in the district courts when exercising the powers and jurisdiction of circuit and district courts of the United States, in criminal cases, as to all matters of practice not provided for by some law of the United States, which is applicable, should conform to the statutes of the territory; and this rule applies as well to appeals and writs of error as to the drawing and impanneling of the grand jury, which finds the indictment upon which defendant is convicted.

The Statutes of Oklahoma, which furnish the *regulations prescribed by law* for appeals in criminal cases, provide as follows:

"An appeal to the supreme court may be taken by the defendant, as a matter of right from any judgment against him; and upon appeal, any decision of the court or intermediate order made in the progress of the case, may be reviewed.

"If the crime of which the defendant is convicted, be a bailable one, the court shall at the time of entering judgment, notify the defendant of his right to an appeal and fix the amount of his bail bond."

These provisions of the statute apply to the case of the petitioner, and as a matter of right, he is entitled to have the amount of his bail bond fixed, in order that he may perfect his appeal to this court, should he desire to do so. But the district court of Oklahoma county, still

being in session for the term at which the judgment was rendered, should fix the amount of the bail bond and approve the sureties, and allow the petitioner a reasonable time within which to perfect his appeal.

The petitioner also asks to be discharged from imprisonment on the judgment of the district court, for the reason that, before the trial, he made an application for a change of venue, on account of the alleged prejudice of the judge, and which application was denied; and it is claimed that the court had no jurisdiction, after the making of such application. to try the petitioner and render the judgment on which he is now imprisoned.

The overruling of the application for a change of venue, even though such application was authorized, by law, and as to which question no opinion is now expressed, did not oust the court of its jurisdiction in the case, and was, at most, but an error reviewable on appeal or writ of error, and cannot be considered on *habeas corpus.* The law has been so held by this court. (*Ex parte Harlan.*)

The petitioner will be committed to the custody of the marshal to await the further order of the district court.

SEAY, J., concurs.

CLARK, J., dissents.