# THE STATE v. HANNIGAN, Appellant.

### Division Two, May 31, 1904.

**UNVERIFIED INFORMATION.** Where the information was not verified by oath or supported by affidavit, and a motion to quash on that ground was filed before trial, and overruled, the judgment of conviction will be reversed, and the cause remanded for new trial.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

REVERSED AND REMANDED.

*C. H. Krum* and *T. J. Rowe* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam. B. Jeffries*, Assistant Attorney-General, for the State.

BURGESS, J.—The Attorney-General states the case as follows:

"The defendant, together with T. Ed. Albright, John A. Sheridan, Charles Gutke, Edmund Bersch and Charles J. Denny, were jointly informed against by the prosecuting attorney of St. Louis for the crime of bribery. A severance was granted defendant, and, upon trial, he was found guilty and sentenced to imprisonment inin the penitentiary for a term of five years. He appeals. Before trial was had a motion to quash the information was filed, on the ground that it was not verified by the prosecuting attorney, nor was a proper affidavit filed in its support. The motion was overruled. After trial was had defendant saved his exceptions to the action of the court in overruling the motion by embodying it in his motion for a new trial, and setting that fact up as one of his reasons why a new trial should be granted."

The Attorney-General in his brief says: "The defendant alleged in his motion to quash the information that the information is not verified, nor was a proper affidavit filed. This motion was overruled, and after trial was had, defendant properly saved his exceptions to the action of the court in overruling the motion by embodying it in his motion for a new trial, and setting that fact up as one of his reasons why a new trial should be granted. These steps being taken in the trial of the case, the cause must be reversed upon the strength of State v. Bonner, 178 Mo. 424; State v. Brown, 181 Mo. 192; State v. Schnettler, 181 Mo. 173."

For these reasons it is unnecessary to consider other questions involved.

The judgment is reversed and the cause remanded. All concur.