### THE STATE v. GUTKE, Appellant.

#### Division Two, May 16, 1905.

1. **INFORMATION: Failure to Verify.** Where an information is not verified as required by statute, and the lack of verification is called to the attention of the trial court by timely motion to quash and by motions for new trial and in arrest, and said motions are overruled and duly preserved in a bill of exceptions, the judgment will be reversed, and the cause remanded.

2. ————: **Verification After Verdict.** After the verdict has been rendered and motions for new trial and in arrest have been overruled, it is too late to amend an information by verifying it, and the verification at that time is a nullity.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

REVERSED AND REMANDED.

*Charles F. Krone* for appellant.

*Herbert S. Hadley,* Attorney-General, for the State.

GANTT, J.—This is an appeal from a judgment of the circuit court of the city of St. Louis. Prosecution was commenced by information filed by the circuit attorney of the city of St. Louis, against the defendant Gutke and fifteen other defendants who were members of the Municipal Assembly of the city of St. Louis,

wherein it was charged that the said defendant corruptly and feloniously solicited, procured and entered into a corrupt bargain and agreement with one Philip Stock, in consideration that the sum of seventy-five thousand dollars, which was deposited by said Stock in a safety box in the Lincoln Trust Company, should be paid over to one John K. Murrell for them when a certain ordinance, known as Council Bill No. 44, granting the Suburban Street Railroad Company the right to lay its tracks in and upon certain streets and highways of said city, should be passed and become an ordinance of said city.

This information was not verified by the circuit attorney or any competent witness. A motion to quash the said information on the ground, among other things, that the same was not verified as required by our statutes in such cases made and provided, was filed, heard and overruled, and the defendant duly saved his exceptions to the action of the court.

The cause was heard before the court and a jury at the December term, 1902, and resulted in a verdict of guilty.

Motions for a new trial and in arrest of judgment were duly filed, heard and overruled, and thereupon a bill of exceptions was duly preserved, signed and filed.

The sentence of the court as to the defendant Gutke was deferred from term to term and time to time until October 12, 1904, on which last-mentioned date the defendant was sentenced by the court to the penitentiary of this State for a term of five years, and on the same day the defendant prayed his appeal to this court, which was granted, and the defendant recognized in the sum of ten thousand dollars to appear in this court and receive judgment on his appeal.

It is wholly unnecessary to encumber the report of this appeal with a statement of the facts, as they already fully appear in the report of the other appeals

of the defendants who were jointly prosecuted with this defendant.

Inasmuch as the information was filed in this cause at the June term, 1902, after article three, chapter sixteen, of the Revised Statutes of Missouri, 1899, had been amended by the Acts of 1901, pages 138 and 139, so as to require information for felony to be verified by the prosecuting attorney or some person competent to testify as a witness in the case, and inasmuch as the information herein was not verified as required by the said amendatory acts and the said defect and failure to verify was duly called to the attention of the circuit court by a timely motion to quash for that, among other reasons, and the said motion to quash and the action of the court in overruling the motions for new trial and in arrest of judgment on that ground were duly preserved in a bill of exceptions and properly made a part of the record, it follows that the judgment herein must be reversed and the cause remanded for said error. This point was ruled in favor of the appellant in State v. Bonner, 178 Mo. 424. That decision was followed in State v. Hicks, 178 Mo. 445; State v. Schnettler, 181 Mo. 173; State v. Hannigan, 182 Mo. 15.

It should perhaps be mentioned that in June, 1904, some eighteen months after the verdict had been rendered and the motions for new trial and in arrest of judgment had been overruled, the circuit court permitted the information to be verified by one John K. Murrell. This amendment, coming at that time, was without authority of law and wholly unauthorized by section 2481 which permits amendments to be made by leave of the court before the trial or on the trial, but not after the verdict has been rendered and the record made up with the exception of the final sentence.

For the error noted the judgment is reversed and the cause remanded.

*Fox, J.,* concurs; *Burgess, P. J.,* absent.