## *In re* TOM TALLEY.

No. A-817.   Opinion Filed December 1, 1910.

1.   INFORMATION—Misdemeanors—Verification—Necessity. Under the Constitution and laws of this state, an information charging a defendant with the commission of a misdemeanor is required to be verified in positive terms; and an unverified information and one verified only on information and belief are equally defective.

2.   SAME—Purpose of Verification. The requirement that an information charging a misdemeanor shall be verified in positive terms before a warrant of arrest may issue thereon, is intended for the preservation of the personal security and liberty of the individual, by forbidding the issuance of a warrant for his arrest except upon probable cause shown under oath, and by preventing the institution of baseless and unfounded prosecutions.

3.   SAME. The requirement that an information for a misdemeanor be verified before a warrant of arrest may issue thereon, does not purport to deal with the essentials of an information as a mere accusation, but only with the manner and means of obtaining the custody and jurisdiction of the defendant's person.

4.   SAME—Waiver of Verification. The verification is no part of the information itself; and an unverified information properly charging a misdemeanor, signed by the county attorney, and

filed in a court having jurisdiction of the offense, though insufficient to authorize the issuance of a warrant of arrest,. is nevertheless sufficient for all other purposes, if not properly challenged.

5. **SAME.** The requirement that an information for a misdemeanor be verified being intended for the personal benefit of the defendant, he may waive the same; and he does so by pleading to the information without moving to quash or set it aside.

6. **APPEAL—Jurisdictional Matters.** Jurisdictional matters may be raised for the first time in the appellate court.

7. **SAME—Errors not Jurisdictional.** It is error for a court to overrule a motion to quash an unverified information charging a misdemeanor, but the matter is not jurisdictional.

8. **HABEAS CORPUS—Purpose of Writ—Remedy by Appeal.** The writ of habeas corpus is not intended for the correction of errors or mere irregularities, and cannot be substituted for an appeal or writ of error.

9. **SAME.** Where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by habeas corpus, however numerous and gross may have been the errors committed during the trial or in the proceedings preliminary thereto.

10. **INFORMATION—Felonies—Verification.** There is no requirement in this state that an information charging a felony, filed in the district court, be verified.

(Syllabus by the Court.)

*Original Proceeding by Writ of Habeas Corpus.*

Application of Tom Talley for writ of *habeas corpus.* Writ discharged and petitioner remanded to custody.

*W. A. Huser* and *W. T. Banks,* for petitioner.—Citing *Salter v. State,* 2 Okla. Cr. 464.

*Fred S. Caldwell* and *J. C. Wright* for respondent.—Citing *Ex parte Flowers,* 2 Okla. Cr. 430; *Ex parte Justus,* 3 Okla. Cr. 111; *Snapp v. State,* 2 Okla. Cr. 515; *De Graff v. State,* 2 Okla. Cr. 519; *Mulkins v. U. S.,* 10 Okla. 288; *Miller v. U. S.,* 8 Okla. 315; *State v. Barr,* 54 Kan. 230; *Lewis v. State,* 15 Neb. 89; *State v. Brown,* 181 Mo. 192; *People v. Murphy,* 56 Mich. 546.

RICHARDSON, JUDGE. Tom· Talley, the petitioner, was convicted in the County Court of Okfuskee County of selling intoxicating liquor, and was sentenced to pay a fine of $300.00 and to be imprisoned in the county jail for a term of four months. He undertook to appeal from this sentence, but failed to serve the statutory notices of appeal, and for that reason his purported appeal was dismissed by this court for want of jurisdiction. He was then committed to jail in accordance with the sentence pronounced upon him. He now contends that his imprisonment is illegal, and by an application for a writ of *habeas corpus* he asks this court to inquire into and determine its legality. The illegality of his imprisonment is alleged to consist in the fact that the court was without jurisdiction to try him on the information exhibited against him, and that the sentence pronounced upon him thereunder was void, for the reason that said information was not verified as required by law. The petition for the writ and the return thereto show that the information was signed by the county attorney and properly charged the offense, but it was not verified in any manner. Does that entitle the petitioner to be discharged?

The writ of *habeas corpus* is not designed for the correction of errors or mere irregularities, and cannot be substituted for an appeal or writ of error. And where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by *habeas corpus,* however numerous and gross may have been the errors committed during the trial or in the proceedings preliminary thereto. *In re Bonner,* 57 Fed. 184; *Ex parte Lehmkuhl,* 72 Cal. 53, 13 Pac. 148; *In re Sennott,* 146 Mass. 489, 16 N. E. 448, 4 Am. St. Rep. 344; *In re Ellis,* 79 Mich. 322, 44 N. W. 616; *Ex parte Shaw,* 7 Ohio St. 81, 70 Am. Dec. 55; *Ex parte Harlan,* 1 Okla. 48, 27 Pac. 920; *Ex parte Murphy,* 1 Okla. 288, 29 Pac. 652; *Ex parte Bond,* 9 S. C. 80, 30 Am. Rep. 20; *In re Rafferty,* 1 Wash. St. 382, 25 Pac. 465; *Ex parte Gibson,* 31 Cal. 619, 91 Am. Dec.

546; *In re Wilson*, 140 U. S. 575, 35 L. Ed. 513; *In re Graham*, 74 Wis. 450, 43 N. W. 148, 17 Am. St. Rep. 174; *State v. Barnes*, 3 N. D. 131, 54 N. W. 541; *Ex parte Patman*, 1 Okla. Cr. 141, 95 Pac. 622; *In re McNaught*, 1 Okla. Cr. 528, 99 Pac. 241. This case therefore presents the sole question, Is the want of a verification a jurisdictional defect in an information? If it is, then the petitioner should be discharged; otherwise, he should not.

The law in this state bearing upon this question is found in sec. 30, art. 2 of our Constitution, and sections 6577 and 6644 of Snyder's Comp. Laws. The constitutional provision is as follows:

"The right of the people to be secure in their persons * * * against unreasonable * * * seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation describing as particularly as may be * * * the person. * * * to be seized."

Section 6577 of Snyder's Comp. Laws reads:

"When an information, verified by oath or affirmation, is laid before a magistrate, of the commission of a public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable cause to believe that the defendant has committed it, issue a warrant of arrest."

And section 6644 of Snyder's Comp. Laws provides that, "All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person." This section was enacted at a time when felonies could be prosecuted only by indictment, and it therefore relates solely to misdemeanors, as is conclusivly shown by a consideration of the two sections immediately preceding, and of sections 6485 and 6486 of Snyder's Comp. Laws.

The several provisions quoted above are *in pari materia* and are to be construed together, the statutory provisions supplementing the constitutional one. In our opinion they are intended for the preservation of the personal security and liberty of the individual, by forbidding the issuance of a warrant for his arrest except upon probable cause shown under oath, and by preventing as far as possible the institution of baseless and unfounded prosecutions. They do

4 Cr.—26

not purport to deal with the essentials of an information as a mere accusation, but only with the manner and means of obtaining the custody and jurisdiction of the accused's person. The verification is no part of the information itself; and an unverified information charging an offense in proper and intelligible language, signed by the county attorney and filed in a court having jurisdiction of the offense charged, though insufficient to authorize the issuance of a warrant of arrest, if not properly challenged is sufficient for all other purposes. The requirement that the information be verified being for the personal benefit of the defendant, we see no reason why he may not waive it if he desires; and if he submits himself to the jurisdiction of the court, either by voluntarily appearing and answering the information, or by failing to move to quash the same when arrested and brought up for arraignment, he thereby waives the defect. There are many rights vouchsafed an accused by our Constitution and laws which may be waived, and many of them have reference to the form of the accusation and the manner of its presentment. Thus it is provided by section 6738 of Snyder's Comp. Laws that an indictment must be set aside when it is not found, indorsed, presented or filed as provided by the statutes of the state; but the section following provides that if the motion to set aside the indictment on that ground be not made, the defendant is precluded from afterwards making the objection; and it seems to us that this provision is also applicable to informations. It is so held by the courts of practically all the states where prosecutions by informations are authorized. Kansas has in effect the same constitutional and statutory provisions that we have, and it is held in that state that verification of an information must be made in positive terms and not on information and belief; but the Supreme Court of Kansas held in *State v. Otey,* 7 Kan. 69, that the objection that an information is not properly verified is waived by pleading to the merits and going to trial. The same court reaffirmed that holding in a subsequent opinion by Justice Brewer in *State v. Adams,* 20 Kan. 311; and later in *State v. Ruth,* 21

Kan. 583, Justice Brewer said, "It is alleged that the information was insufficient for lack of a proper verification. The verification was defective, but the defect was waived by the defendant's pleading to the merits and going to trial." And in *State v. Blackman*, 32 Kan. 615, 5 Pac. 173, the court said.

"The third and last point made by counsel for the defendant is, that the verification of the information is not sufficient. It appears that the information was verified by the county attorney, who, after being duly sworn, stated in his verification, 'That the several allegations contained in the foregoing information are, according to the best of his knowledge, information and belief, true in substance and in fact.' This point was not raised in the court below, and hence the defendant is not in any condition to raise it in this court. The record shows that the defendant in the court below waived arraignment, pleaded not guilty to the information, and went to trial upon the merits of the action, without making any objection to the sufficiency of the information or to its verification. The defendant, therefore, waived all irregularities with reference to the sufficiency of the verification."

*State v. Longton*, 35 Kan. 375, 11 Pac. 163, goes still further, and holds that when the defendant enters into a recognizance for his appearance to answer to the information, without making any objection to the sufficiency of the warrant or the verification of the information, he thereby waives the fact that the warrant was issued on an information insufficiently verified, and cannot afterwards have the warrant quashed or set aside on that ground. And in the case entitled *In re Cummings*, 11 Okla. 286, 66 Pac. 332, the Supreme Court of the Territory of Oklahoma held likewise. The syllabus of the latter case is as follows:

"The objection that a criminal complaint is verified on information and belief, is waived by pleading to the merits, or entering into a recognizance for appearance at a future day.

"A verification on information and belief is sufficient for every purpose except merely the issuing of the warrant for the arrest of the defendant, and the objection to such verification must be made by motion to quash the warrant before plea to the merits, or other steps are taken which will operate as a waiver of such defect."

The Supreme Court of Kansas had the question before it again

in *State v. Ellvin,* 51 Kan. 784, 33 Pac. 547, in *State v. Barr,* 54 Kan. 230, 38 Pac. 289, and in *State v. Osborn,* 54 Kan. 473, 38 Pac. 572; and in each of these cases reaffirmed its previous holding. See also *In re Lewis,* 31 Kan. 71, 1 Pac. 283, and *State v. Stoffel,* 48 Kan. 364, 29 Pac. 685. The same question was before the Supreme Court of Colorado in *Brown v. People,* 20 Colo. 161, 36 Pac. 1040; *Taylor v. People,* 21 Colo. 426, 42 Pac. 652; and *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228; in each of which the court announced and adhered to the rule declared by the Supreme Court of Kansas. In the last mentioned case the court said:

"The failure to properly verify an information is not one which affects its sufficiency. It is required to be verified as designated by sections 1432b and 1432h, 3 Mills' Ann. Stats. These are provisions which are intended to and do comply with section 7, article 2 of our Bill of Rights, which, in substance, declares that no warrant to seize any person shall issue unless probable cause therefor is made to appear by oath or affirmation reduced to writing. This right, however, is one which may be waived, and unless properly presented below, cannot be raised in this court."

In Nebraska an information must be verified in positive terms, and under the peculiar wording of the statute it is held that it must be verified before a judicial officer and cannot be verified before a notary public. Yet in *Hodgkins v. State,* 36 Neb. 160, 54 N. W. 86, the court said:

"It is argued that there is no valid information, for the reason that the charge upon which plaintiffs in error were tried was sworn to before a notary public. It has been held by this court, in *Richards v. State,* 22 Neb. 145, and *Davis v. State,* 31 *Id.* 247, that the information should be sworn to before some judicial officer. In the last above case, however, it was held that an objection to the information on that ground will be waived unless made before verdict. And Judge Norval, in the opinion of the court, uses the following language: 'It (the objection) should have been raised by motion to quash before pleading to the information.' This prosecution originated before the county judge of Lancaster County, with whom the above information was filed. Plaintiffs in error, having been convicted in that court, appealed

to the district court. The first record we find of any objection to the information is after the jury had been sworn in the district court, where it appears they objected to any evidence being offered or received:

" '1st. Because there is no legal presentment as required by the Constitution and laws of the state.

" '2d. The affidavit of plaintiff does not contain facts sufficient to constitute a criminal action.

" '3d. There is no complaint filed in this case as required by law.'

"In the opinion of the writer the objection set out above should be held to apply only to the form of the information and the sufficiency of the allegations therein contained, and not to the want of a proper verification. But it is clear that the objection, even if sufficient, comes too late after a trial before the county judge upon the merits of the case, and after a jury had been selected and sworn in the district court. The provision for the verification of an information before a magistrate is surely not more imperative than the provision found in section 585 of the Criminal Code, that no information shall be filed against any person, except fugitives from justice, until such person shall have had a preliminary examination as provided by law. Yet it has been repeatedly held that by pleading not guilty and going to trial on the issue thus formed, the accused waives his right to object on the ground that he has not had a preliminary examination. (*Cowan v. State,* 22 Neb. 519; *Washburn v. People,* 10 Mich. 383; *People v. Jones,* 24 *Id.,* 215; *People v. Williams,* 53 N. W. Rep. [Mich.] 779.) It is evident that the plaintiffs in error are not now in position to assert that the information was not legally verified. The judgment of the district court is right and is affirmed."

To the same effect are *Bailey v. State,* 36 Neb. 808, 55 N. W. 241; *Korth v. State,* 46 Neb. 631, 65 N. W. 792; *Johnson v. State,* (Neb.) 73 N. W. 463, and *Davis v. State* (Neb.) 47 N. W. 854.

In *State v. Montgomery,* 181 Mo. 19, 79 S. W. 693, 67 L. R. A. 343, the Supreme Court of Missouri said, "This information is not verified, but no objection was taken to it on that account, and the failure was waived." And in *State v. Schnettler,* 181 Mo. 173, 79 S. W. 1123, the court said:

"The omission to verify the information by the circuit attorney was simply an irregularity, did not render it or the proceedings under it void, and might have been amended at any time before trial by leave of court. It is axiomatic that a legal proceeding which is simply irregular is amendable, but even if this rule does not apply here, it is expressly provided by section 2481, Revised Statutes 1899, that 'any affidavit or information may be amended in matter of form or substance at any time by leave of court before the trial, and on the trial as to all matters as to form and variance, at the discretion of the court, when the same can be done without prejudice to the substantial rights of the defendant.' It is, therefore, perfectly clear that the information was not void, and might have been amended by the circuit attorney by leave of court at any time before trial had, if so desired. If, however, such objection is not raised on or before trial, it will be waived and can not be raised for the first time in this court."

A very full and able discussion of this question is found in *State v. Brown,* 181 Mo. 192, 79 S. W. 1111, in which the information was not verified at all. The opinion is quite lengthy and exhaustive; the syllabus states the conclusions reached and is as follows:

"An objection that 'the verdict is insufficient to sustain the judgment,' even if timely made, does not raise the defect that the information was not supported by affidavit, because no such ground is specified. Nor would a motion in arrest alone suffice to prevent a waiver of the affidavit, even if the motion specified that there was no affidavit to support the information.

"The failure to verify the information does not render it so defective that a motion in arrest would reach it, nor is it such a defect that the Supreme Court would arrest it without motion.

"The affidavit is no part of the information itself, but a thing separate and apart from the information and something additional thereto.

"The purpose of the statute requiring an information to be supported by affidavit is to afford a guaranty of the good faith of the prosecution and to prevent a careless, or vindictive, or reckless prosecution of a citizen.

"A motion in arrest goes only to defects appearing on the face of the indictment or information, and not to an affidavit

upon which the information may be based, or which merely verifies the charges in the information itself.

"The jurisdiction of the court over a felony case does not depend on the affidavit, neither is the sufficiency of the information affected by it. The filing of the affidavit or the verification of the information is but an additional step which the defendant may or may not waive.

"If the defendant fails to challenge the information for the reason that it is not supported by affidavit by motion to quash, he waives the affidavit, and it is too late to raise that objection by motion in arrest. Such objection, however specific, comes too late after verdict. Nor is it a matter to be reached by a demurrer. A motion to quash is the Missouri practice for reaching defects which do not appear on the face of the indictment or information."

See also *State v. Lewis,* 181 Mo. 235, 79 S. W. 671; *State v. Sheridan,* 182 Mo. 13, 81 S. W. 410; *State v. Hannigan,* 182 Mo. 15, 81 S. W. 406, and *State v. Speyer,* 182 Mo. 77, 81 S. W. 430, in all of which there was no verification or pretense thereof.

In *State v. Pancoast,* 5 N. D. 514, 67 N. W. 1052, 35 L. R. A. 518, which was a prosecution by information, this question was raised and was disposed of by the court as follows:

"When the case was called for trial in Cass County, plaintiff in error moved to set aside the information, on the ground that it was not verified as the law requires. The information was verified by the state's attorney of Morton County, to the effect that he believed it to be true. Without in any manner intimating that this was not a good verification, we think the motion came too late. Our statutes, as found in the Compiled Laws of 1887, were framed when accused persons were presented by indictment, and not by information; but chapter 71 of the laws of 1890 substitutes an information by the state's attorney for the indictment of a grand jury, and section 5 of said act declares that the proceedings under indictment should, 'as near as may be, apply to prosecutions by informations.' Section 7283 of the Compiled Laws specifies the ground for setting aside an indictment; and these grounds, as applied to an information, would cover a defective verification. The next section provides: 'If the motion to set aside the indictment be not made, the defendant is precluded from afterwards taking the objections mentioned in the last section.' The substance and almost the language of these

provisions was borrowed from Minnesota. See chapter 110, Gen. Stat. 1878. The Supreme Court of Minnesota, in *State v. Schumm,* 47 Minn. 373, and *State v. Dick,* 47 Minn. 375, held that a motion to set aside the indictment could not be made after plea entered. In this case, plaintiff in error, prior to his first trial, was regularly arraigned, and pleaded not guilty. He has never withdrawn, or asked to withdraw, that plea for any purpose whatever, and hence the motion to set aside the information came too late. But counsel sought to save the point by motion in arrest. It has been held in Minnesota that a matter which might furnish a ground for a motion to set aside an indictment cannot be raised by demurrer or in any manner except by such motion. *State v. Brecht,* 41 Minn. 50. By sec. 7452, Comp. Laws, the grounds for motion in arrest are the same as, and none other than, the grounds for a demurrer to the information, as specified in sec. 7292, Comp. Laws. As the objection under consideration was proper ground for motion to set aside, and was not proper ground for demurrer, it follows that it cannot be raised by motion in arrest. Learned counsel admit in argument that the point could not be raised on demurrer, and this must be so because, under our practice, a demurrer goes only to the body of the information."

In *State v. McCafferty,* 16 Mont. 33, 40 Pac. 63, it is held in terms that a defendant waives any right he may have to object either to the verification of the original complaint before the committing magistrate, or to the verification of the information in the district court, by pleading to the merits in such court; and that to avail himself of such defect, he must move to quash or set aside the information before entering his plea. And to the same effect are *Bryan v. State,* 41 Fla. 643, 26 So. 1022, and *Hammond v. State,* 3 Wash. 171, 28 Pac. 334. In *Lambert v. People,* 29 Mich. 70, Justice Cooley said that an objection to the verification of an information, not made until after the jury is sworn, comes too late. In the case of *In re Mary Eaton,* 27 Mich. 1, it was held that a writ of *habeas corpus* will not be granted, after a final judgment in an ordinary criminal case, to test the sufficiency of the information on which the defendant was convicted. See, also, *People v. Jones,* 24 Mich. 214; *People v. Harris* (Mich.) 61 N. W. 871; *Sutton v. Commonwealth,* 97 Ky. 308,

30 S. W. 661; *Long v. People,* 102 Ill. 331; *Frisbie v. United States,* 157 U. S. 160, 39 L. Ed. 657; *Schott v. State,* 7 Tex. App. 616; *People v. Dowd,* 44 Mich. 488, 7 N. W. 71; *People v. Murphy,* 56 Mich. 546, 23 N. W. 215; *People v. Gardner,* 62 Mich. 307, 29 N. W. 19.

We take it as established, therefore, both on principle and by the authorities, that a defendant waives any objection which he may have to the information on account of a defective verification thereof, or a total want of verification, by pleading thereto without moving to quash or set aside the information on that ground. He thereby admits what the verification is intended to show, namely, that there exists probable cause to believe him guilty sufficient to warrant his arrest and trial on the charge; and after pleading to such information, he can no more take advantage of its want of verification than he could then take advantage of the fact that the indictment, if he were being prosecuted by indictment, was returned by the grand jury without hearing any evidence, or that the indictment was not endorsed "a true bill," and signed by the foreman of the grand jury, both of which matters by the terms of the statute are waived unless a timely motion to set aside is filed. It was even held by the Supreme Court of the United States in an opinion rendered by Justice Brewer in the case of *In re Wilson,* 140 U. S. 575, 35 L. Ed. 513, that if the law required that a grand jury be composed of not less than seventeen nor more than twenty-three members, and a grand jury composed of only fifteen members returned an indictment, "the defect in the number of grand jurors did not vitiate the entire proceedings, so that they could be challenged collaterally on *habeas corpus,* but it was only a matter of error to be corrected by proceedings in error;" and that "it is doubtful, at least, whether such defect is not waived if not taken advantage of before trial and judgment."

The requirement being that the verification shall be in positive terms, it follows that a verification on information and belief, as were many of those in the cases cited above, so far as

a compliance with the law is concerned, is the same as and no better than no verification at all, and leaves the information as vulnerable as though no pretense at verifying it had been made; and therefore, if the information be not void in the first mentioned case, it is not void in the latter. Also, if the defectiveness of a verification or the total want of one is waived by pleading to the information without moving to quash or set the same aside, then certainly the information cannot be void on that account, nor the court without jurisdiction; for all agree that jurisdictional matters may be raised even for the first time in the appellate court. And every time a court has sustained a conviction based upon an information not verified or defectively verified, it has thereby said that such defect was not jurisdictional. The record before us does not disclose whether the petitioner raised this question below, and, for the purposes of this case, whether he did so or not is immaterial. For if he filed a motion to quash the information and the court overruled the same, the court committed error; but it was only error, and the court had as much jurisdiction after committing the error as it had before. The petitioner's proper remedy was by appeal or writ of error. In that way only could the error be corrected. We are aware that in *Salter v. State*, 2 Okla. Cr. 464, 102 Pac. 719, this court held that such a defect might be raised by a demurrer or an objection to the introducing of evidence, and that an information verified only on information and belief is insufficent to support a judgment of conviction. But upon further consideration we now hold that such an information will support a conviction; that the proper and only manner to raise the question of verification is by motion to quash or set aside the information on that ground, and that if no such motion be filed and presented before pleading to the information, the defect is waived. And *Salter v. State, supra*, in so far as it is in conflict with this holding, is hereby overruled.

That no misunderstanding with respect to the statements made above as to the necessity of the verification of informations may arise, we deem it proper to state further that the holding that

such requirement exists relates solely to informations charging a misdemeanor. There is no constitutional or statutory requirement in this state that informations charging a felony be verified at all. As to felonies, the constitutional provision for a showing of probable cause supported by oath or affirmation, to authorize the arrest and detention of the accused, is fully met, (1) by the verified complaint filed with the examining magistrate as provided for by section 6577 of Snyder's Comp. Laws, and (2) by the evidence taken under oath in the accused's preliminary examination as required by section 30, art. 2 of the state Constitution, and by his being held to answer by the magistrate, or by the fact that the accused waived such preliminary examination, thereby admitting the existence of probable cause to believe him guilty sufficient to warrant his formal accusation and trial. But these preliminary proceedings are not required in misdemeanor cases; and for that reason, and also on account of the provisions of sec 6644 of Snyder's Comp. Laws, information charging the commission of a misdemeanor must be verified unless verification be waived by the defendant.

It follows from the foregoing that the petitioner's imprisonment is not illegal. The writ of *habeas corpus* heretofore issued will therefore be discharged, and the petitioner remanded to the custody of the sheriff with directions to execute the judgment of the court.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.