HOKE WILLIAMS v. HON. J. E. ALBRITTON, as Sheriff of
DeSoto County

190 So. 423
Division A
Opinion Filed July 7, 1939
Rehearing Denied July 7, 1939

*R. K. Bell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Plaintiff in error was convicted in the County Court of DeSoto County, Florida, on an information presented by the County Prosecuting Attorney of the offense of being drunk from the voluntary use of intoxicating beverage, to-wit: intoxicating liquor.

Petitioner took writ of error to the Circuit Court and judgment against him was affirmed. He then filed petition in the Circuit Court for writ of habeas corpus. The Circuit Court entered an order as follows:

"This cause coming on this day before me to be heard upon petition for habeas corpus and the Court being of the opinion that the questions raised in said petition have already been determined by a Judge of this Circuit, it is therefore, CONSIDERED, ORDERED AND ADJUDGED that the writ be and the same is hereby denied.

"It is further ORDERED and ADJUDGED that the Petitioner be allowed writ of error, and the Clerk is hereby directed to issue the same returnable within 90 days, and that said writ of error operate as a supersedeas upon petitioner filing bond in the sum of $100.,00 to be approved by the Clerk.

"DONE AND ORDERED at Bradenton, Florida, this 7th day of January, A. D. 1939."

To this judgment writ of error was sued out.

The information upon which the petitioner was tried in the Circuit Court was in the following language:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

"In the County Court of the County of DeSoto and State of Florida in the year of our Lord One Thousand Nine Hundred and Thirty-eight, DeSoto County, to-wit:

"Be it remembered that L. J. Robbins, Prosecuting Attorney in and for the County of DeSoto and State of Florida, prosecuting for said State, being present in said Court on the 9th day of May in the year of our Lord One Thousand Nine Hundred and Thirty-eight gave the court to be informed and understand that Hoke Williams, late of the County and State aforesaid, on the 4th day of April in the year of our Lord One Thousand Nine Hundred and Thirty-eight, with force and arms at and in said County and State was then and there drunk from the voluntary use of an intoxicating beverage, to-wit: intoxicating liquor. Against the forms of the Statute in such cases made and provided, to the evil example of all others in the like cases offending, and against the peace and dignity of the State of Florida. Wherefore, the said L. J. Robbins, the prosecuting Attorney in and for the said County of DeSoto prays the advise of the Court in the premises, and that a capias may issue forthwith for the arrest of the said Hoke Williams and that he be held for trial under the foregoing information.

                    . "L. J. Robbins
          "Prosecuting Attorney in and for the County
               of DeSoto, in the State of Florida."

It was not verified under oath by the Prosecuting Attorney or anyone else.

Plaintiff in error presents two questions for our consideration stated as follows:

"1.   Was it error to deny the writ of habeas corpus on the theory of 'res adjudicata' where it appeared in the record of the proceedings in the lower court, an exhibit to the petition, that the questions raised sought to be determined in said petition for habeas corpus were entirely new and not formerly adjudicated by said court on writ of error?"

.  "2.   Should the petition for habeas corpus be denied

when it appears from the transcript of record that plaintiff in error was tried and convicted although no information was filed against him and where it affirmatively appears that such proceedings were null and void, entirely destitute of legal effect?"

The second question does not find basis in the record and, therefore, may be ignored.

The effect of the order denying petition for habeas corpus was in effect a judgment of remand on the record as made by the petitioner.

The information and the proceedings had in the County Court was made a part of the petition for writ of habeas corpus. The petition, therefore, showed that the information charged a criminal offense against the accused, the petitioner, in such manner as not to be entirely void. The petitioner's contentions are based chiefly upon the fact that the information was not verified under oath by the County Prosecuting Attorney.

There is a recognized difference between prosecutions for felonies and prosecutions for misdemeanors.

Section 10 of the Declaration of Rights provides:

"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace. Any person under such information, presentment or indictment for any felony not capital may be arraigned and may enter a plea in term time or in vacation, and the judgment and sentence of the court on a plea of

guilty may be made and entered either in term time or in vacation."

This section applies only to prosecutions for felonies.

Section 5976 R. G. S., 8257 C. G. L., requires that prosecutions in criminal courts of record shall be upon information filed by the County Solicitor under oath.

Section 5988 R. G. S., 8282 C. G. L., and Section 5989 R. G. S., 8283 C. G. L., are as follows:

"8282. Duties.—He shall prosecute all criminal cases before the county court, and shall sign all informations filed in said court by him, and do and perform all the duties required of a prosecuting officer."

"8283. Method of Prosecution.—All persons tried in the county court on any criminal charge shall be tried upon indictment by the grand jury, or upon information filed by the prosecuting attorney. Upon the finding of indictments by the grand jury for crimes cognizable by the county court, the clerk of the circuit court without any order therefor shall docket the same on the trial docket of the county court on or before the first day of its next succeeding term."

The county court has no jurisdiction in the trial of felonies. Therefore, the two sections last above quoted only apply to prosecutions for misdemeanor and the statute does not require such informations to be verified under oath.

At common law it was not required that an information be verified under oath. See 14 R. C. L. 170; Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915 B. 651 and note; State v. Kyle, 166 Mo. 287, 65 S. W. 763, 56 L. R. A. 115; Evans v. Willis, 22 Okla. 310, 97 Pac. 1047, 17 Ann. Cas. 258, 19 L. R. A (N. S.) 1050.

Whether or not informations are required to be verified is dependent upon the statutory or constitutional provisions of the various States. See 14 R. C. L. 170; State v. Bennet, 102 Mo. 356, 14 S. W. 865, 10 L. R. A. 717; State v. Arm-

strong, 106 Mo. 395, 16 S. W. 604, 27 A. S. R. 361, 13 L. R. A. 419; State v. Coleman, 186 Mo. 151, 84 S. W. 978, 69 L. R. A. 381; State v. Temple, 194 Mo. 237, 92 S. W. 869, 5 Ann. Cas. 954; People v. Wyatt, 186 N. Y. 383, 79 N. E. 330, 9 Ann. Cas. 972, 10 L. R. A. (U. S.) 159; State v. Hasledahl, 2 N. D. 521, 52 N. W. 315, 16 L. R. A. 150; *Ex Parte* Talley, 4 Okla. Crim. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805. Notes L. R. A. 1915B 652; 7 Ann. Cas. 983, *et seq.*

It, therefore, appears that an information filed in the county court by the county prosecuting attorney charging the commission of a misdemeanor under the Constitution and Laws of the State of Florida is not required to be verified under oath.

The record shows that as to the information as first filed the defendant interposed motion to quash; that motion to quash was granted with leave to the prosecuting attorney to amend the information by inserting the words, "intoxicating liquor" which words appear in the information as hereinbefore quoted.

The record shows that thereupon the prosecuting attorney so amended the information and to the amended information another motion to quash was filed. This motion was overruled. The defendant then filed pleas in abatement attacking the sufficiency of the information.

The pleas were overruled.

Then defendant pleaded not guilty, went to trial and was convicted.

The record shows a legal conviction and sentence. Therefore, there was no reversible error committed by the Circuit Court in denying petition for habeas corpus and that judgment is affirmed.

So ordered.

Affirmed.

201

Terrell, C. J., and Thomas, J., concur.

Chapman, J., concurs in opinion and judgment.

Justices Whitfield and Brown not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.