State v. Randall.

STATE OF MISSOURI, Respondent, v. LEE RANDALL, Appellant.

St. Louis Court of Appeals, February 1, 1898.

Criminal Law: MISDEMEANOR: SALE OF LIQUOR BY MERCHANT AND UNREGISTERED PHARMACIST. The owner and proprietor of a drug store having a merchant's license, but not a registered pharmacist, nor having in charge a registered pharmacist authorized to fill prescriptions of physicians, is not amenable to the dramshop act, for selling intoxicating liquor on the prescription of a physician, but under section 4621 regulating the sale of liquors by druggists, or under section 6915, Revised Statutes 1889, concerning merchant's license.

*Appeal from the Webster Circuit Court.*—HON. ARGUS Cox, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*James Orchard* and *Dickey & McDowell* for appellant.

Defendant was indicted and tried as a dramshop keeper when he should have been indicted as the proprietor of a drug store under the druggists' laws of 1886. R. S. 1889, secs. 4611–4621, 6422; *State v. Gibson*, 61 Mo. App. 368; *State v. Williams*, 69 Id. 285, 286.

At the time the sales were made, defendant had a merchant's license, and, in addition to a stock of drugs and medicines, a stock of cigars, notions, etc.; and if he does not come within the druggist act, should have been indicted under the merchants' act. *State v. Gibson*, and *State v. Wilson, supra.*

No brief filed for respondent.

BLAND, P. J.—The defendant has appealed from a conviction and judgment against him on a charge by information of having violated the dramshop act by the unlawful sale of beer and whisky. The uncontradicted testimony is that at the time defendant made the sale of intoxicating liquor, he was the owner and proprietor of a drug store and had a merchant's license, and that the sale of the liquor was on the prescription of a physician, but he failed to show that he was a registered pharmacist or that he had a registered pharmacist in charge authorized to fill the prescriptions of physicians. Being the owner and proprietor of a drug store and having a license as a merchant, he could only have been rightfully convicted of the sale of intoxicating liquors in the prosecution of his business under section 4621 concerning druggists, or under section 6915, Revised Statutes 1889, concerning merchants' license. *State v. Gibson*, 61 Mo. App. 361; *State v. Williams*, 69 Mo. App. 285, 286.

Judgment reversed and defendant discharged. All concur.