Believing that the decision of my associates is opposed to the decisions in the cases cited in the first paragraph of this opinion, I ask that the case be certified to the Supreme Court.

STATE OF MISSOURI, Defendant in Error, v. J. W. BOGGESS, Plaintiff in Error.

**St. Louis Court of Appeals, January 2, 1901.**

1. **Criminal Law:** CRIMINAL PROCEDURE: MERCHANT'S LICENSE LAW: SELLING INTOXICATING LIQUOR: DRAMSHOP LAW. The offense of selling intoxicating liquors in violation of the dramshop law, is a separate and distinct offense from that of selling the same article in violation of the merchant's license law.

2. ——: ——: ——: ——: PROSECUTING ATTORNEY, DUTIES OF: AFFIDAVIT: INFORMATION. And the prosecuting attorney can not take the equivocal position of bottoming his information on both the affidavit, and his individual information and belief, when as in the case at bar the one does and the other does not support the information,

3. ——: ——: ——: ——: PRACTICE, TRIAL. And the prosecuting attorney having filed the affidavit with the information and informed the court upon it, from its contents, this court is bound to conclude that the information is bottomed on the affidavit.

4. ——: ——: ——. In the case at bar the affidavit does not support the information, for the reason that it does not charge the same offense or any degree of the offense of which the defendant was convicted.

Writ of Error to Lawrence Circuit Court.—*Hon. Henry C. Pepper,* Judge.

REVERSED.

State v. Boggess.

*Jos. M. McPherson* and *Cloud & Davis* for plaintiff in error.

There is no question but that the information herein is based upon the complaint of Dell Beason. The complaint is not dismissed, but on the contrary accompanies the information into the record and is in terms referred to in the information as the·basis of the charge. The complaint being fatally defective, the information should have been quashed. Where the complaint is insufficient, it should be amended or the information should affirmatively show that it was not based on the complaint. State v. Whitaker, 75 Mo. App. 184, and cases cited.

*E. J. White* and *Joe French* for defendant in error.

The information is not based on affidavit alone, but as well, on knowledge and belief of prosecuting attorney. If the information was based on the affidavit, even then, it is good—the affidavit charges a complete offense as fully as is contemplated by statute. In this case the information is based on the information, knowledge and belief of the prosecuting attorney, as well as on the affidavit of Dell Beason, and is sufficient of itself and does not need the aid of any affidavit. State v. Ransberger, 106 Mo. 135; State v. Sweeney, 56 Mo. App. 409; State v. Hart, 47 Mo. App. 650; State v. McCarver, 47 Mo. App. 650. In the case of the State v. Washington, cited by the appellant, the court says: "It is permissible for the prosecuting attorney to carve out of the affidavit any offense comprehended in it, and to prefer his information for such offense using the affidavit as a foundation therefor."

BLAND, P. J.—Boggess was informed against by the prosecuting attorney of Lawrence county, for a violation of

the Dramshop Act, for selling intoxicating liquors as a merchant, contrary to law, and also for selling the same article as a druggist; contrary to the drug law. The several charges were by separate counts in the same information. The prosecution was begun before a justice of the peace, and the information was based on the following affidavit: ·

"Dell Beason, being duly sworn on his oath states that on the thirty-first day of August, 1897, at said county of Lawrence, the said J. W. Boggess, M. E. Stansberry and Wm. J. Rigney did then and there unlawfully sell intoxicating liquors in a quantity of less than one gallon, to-wit, one quart of beer without having a dramshop license as provided by law.

"Dell Beason.

"Subscribed and sworn to before me this first day of September, 1897.

"T. B. Turk,

"Justice of the Peace."

The cause was taken into the circuit court by appeal. In the latter court the defendant filed his motion to quash the information on the following grounds, which was overruled:

"1. Because said information and the second count thereof does not charge any offense against the laws of this State.

"2. Because the information shows on its face that it is based upon the affidavit of one Dell Beason, herewith filed, and said Dell Beason had no knowledge of the commission of the alleged offense, and said affidavit does not charge any offense against the laws of this State.

"3. Because the affidavit of Dell Beason, upon which this information is based, is insufficient in law and will not support the information.

"4. Because the affidavit of Dell Beason, upon which this information is based, attempts to charge this defendant

with selling liquor as a dramshop keeper, and the information based on said affidavit attempts to charge defendant with selling liquor as a merchant.

"5.  Because the affidavit of Dell Beason, upon which this information is based, does not charge any offense against the laws of this State."

The evidence and instructions were all directed to the offense of selling liquors in violation of the merchants license law.  The defendant was found guilty, and his punishment assessed at a fine of one hundred dollars.  To reverse the judgment defendant assigns as error the overruling of his motion to quash the information, and the overruling of his motion in arrest of judgment.

The affidavit of Dell Beason charged defendant with a violation of the dramshop law, and nothing more.  The information begins with this statement, that "Edward J. White, prosecuting attorney within and for Lawrence county in the State of Missouri, and informs the court upon the affidavit of Dell Beason herewith filed, and upon his knowledge and belief and under his oath of office that on the thirty-first day of August," etc.  The prosecuting attorney might have disregarded the affidavit of Beason and filed the information under his oath of office.  Revised Statutes 1899, section 2750; State v. Ransberger, 106 Mo. 135; State v. Pruett, 61 Mo. App. 156.  The offense of selling intoxicating liquors in violation of the dramshop law is a separate and distinct offense from that of selling the same articles in violation of the merchants license law.  State v. Witty, 74 Mo. App. 550; State v. Alexander, 73 Mo. App. 605; State v. Randall, 73 Mo. App. 463; State v. Goff, 70 Mo. App. 295.  And the prosecuting attorney could not take the equivocal position of bottoming his information on both the affidavit and his individual information and belief, when, as in this case, the one does and the other does not support the information.

Having filed the affidavit with the information and informed the court upon it and from its contents, we are bound to conclude that the information is bottomed on the affidavit. As we have seen, the affidavit does not support the information, for the reason that it does not charge the same offense or any degree of the offense of which the defendant was convicted, wherefore the judgment is reversed.    All concur.

