## THE STATE v. SHERIDAN et al., Appellants.

### Division Two, May 31, 1904.

UNVERIFIED INFORMATIONS. Where the information was not verified by oath or supported by affidavit, and a motion to quash on that ground is filed at the beginning of the trial and is overruled, the judgment will be reversed and the cause remanded.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

REVERSED AND REMANDED.

*C. H. Krum, John A. Gernez* and *T. J. Rowe* for appellants.

Defendants' demurrer to the paper entitled an information should have been sustained. Said paper is not verified; and recites that it is made solely and only on the official oath of the circuit attorney. Laws 1901, p. 138; R. S. 1899, secs. 2477, 2479; State v. Jones, 168 Mo. 400; State v. Bonner, 178 Mo. 424; State v. Hayward, 83 Mo. 299.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

The condition of the record necessarily results in a reversal and remanding of this cause. State v. Brown, 181 Mo. 192; State v. Schnettler, 181 Mo. 173; State v. Collins, 181 Mo. 235.

BURGESS, J.—The defendants are charged with bribery. They were proceeded against on an information of the circuit attorney. The information was not verified by the oath of the circuit attorney, or the oath of any person competent to testify as a witness in the case, nor was it supported by the affidavit of any such person.

At the beginning of the trial, defendants moved to quash the information, alleging among other grounds, that the information was not verified by the circuit attorney, or any other person, nor supported by the affidavit of any person competent to testify as a witness. The motion to quash was overruled and defendants at the time preserved their exceptions.

The same question was again brought to the attention of counsel and the court at the conclusion of the trial by motion in arrest. This was overruled and an exception noted to the action of the court in overruling the same.

The case of State v. Brown, 181 Mo. 192; State v. Schnettler, 181 Mo. 173, and State v. Collins, 181 Mo. 235, in so far as the information in this case is concerned, are decisive of this, and the information is invalid.

There are other points presented by defendants for consideration, but they have not been argued by the Attorney-General, by brief or otherwise, and as the judgment must be reversed because of the invalidity of the information we have not thought it necessary to discuss them.

The judgment is reversed and the cause remanded. All concur.