State v. Lee.

---

STATE OF MISSOURI, Respondent, v. LEE, Appellant.

**St. Louis Court of Appeals, May 16, 1905.**

1. **PRACTICE: Information: Verification.** Under section 2477, Revised Statutes of 1899, it is not necessary that an information shall be verified by the prosecuting attorney; it may be verified by a person competent to testify as a witness in the case. Whether the verification by such person upon mere information and belief is sufficient, is not decided.

2. ————: ————: ————: **Waiver.** The affidavit verifying an information is no part of the information itself and therefore is not jurisdictional; its insufficiency is waived by failure to file a motion to quash in the trial court.

3. ————: ————: ————: **Motion in Arrest.** In the absence of a motion to quash an information on account of the insufficiency of the affidavit, an assignment in a motion in arrest of judgment is insufficient to entitle it to be reviewed by the appellate court.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Hiram N. Moore,* Judge.

AFFIRMED.

State v. Lee.

STATEMENT.

There are no briefs on file for either appellant or respondent in this case. There is no bill of exceptions. The record proper only is before us for review and under the statutes it is our duty to examine the same for error. This will be done.

The defendant was informed against in the St. Louis Court of Criminal Correction by the assistant prosecuting attorney of said court in three counts. The first count charges defendant, under section 2196, R. S. 1899, with permitting a gaming device on which was played a game called craps to be set up and maintained in a house occupied by him. The second count charges an offense under section 2197, R. S. 1899, in that defendant did wilfully and unlawfully set up and keep a common gaming house, etc. The third count charges defendant, under section 2212, R. S. 1899, with playing with Walter Payne and divers other persons, to the affiant unknown, for lawful money of the United States, a certain game of chance, etc. All of said counts charged the offenses to have been committed in the City of St. Louis on April 23, 1904. The information was filed April 25, 1904. The information was not verified by the prosecuting attorney but was verified by Warren S. Fox, according to his best knowledge and belief. Said Fox's name was indorsed upon the back of said information as a witness for the State.

The record shows the arrest and recognizance of the defendant; that on April 26, 1904, he was duly arraigned and entered his plea of not guilty; that afterwards, on June 10th, 1904, defendant appeared in court in person by his counsel and a jury being waived, the case was tried by the court. After hearing the evidence the court found defendant not guilty on the first and third counts of the information and found him guilty as charged under the second count, of setting up and keeping a common gaming house, and assessed his punishment at

$200.  Within  due time the defendant filed his motion for a new trial and in arrest of judgment, both of which motions the court, upon hearing, overruled, whereupon the defendant perfected his appeal to this court.  Forty days were given to defendant in which to file a bill of exceptions in said cause.  No bill of exceptions was ever filed herein and there is therefore none before us. In view of this fact, it is unnecessary to notice any of the alleged errors assigned in the motion for new trial.

In the motion in arrest of judgment, defendant attacks the sufficiency of the second count of the information upon which he was convicted, as follows: "The second count fails to state facts sufficient to charge the offense."  The seventh assignment in the motion in arrest is as follows: "The information is not verified by a sufficient affidavit, because the affidavit attached to said information is made by one Warren S. Fox upon information and belief."  The other assignments in the motion in arrest relate to the first and third counts of the information upon which he was acquitted and therefore are not reviewable here.  The record fails to show the filing of a motion to quash the information.

NORTONI, J. (after stating the facts).—The only two points necessary to notice on this appeal are first, the sufficiency of the second count of the information upon which appellant was convicted and the seventh ground assigned by him in his motion in arrest that the information was not properly verified.  We have examined that count of the information carefully upon which the conviction was had and find that it follows the language of the statute and charges all the constitutent elements of the offense of which he was convicted with precision.  It is sufficient in every respect and the assignment in the motion in arrest of judgment against that count, is therefore overruled.

Appellant contends in his motion in arrest that the information was not properly verified in that it was not

sworn to by the prosecuting attorney or his assistant and that the verification was by one Warren S. Fox on his information and belief. The point urged is that Fox was not competent to verify said information upon his information and belief, but that said verification should have been made by the prosecuting officer. Section 2477, R. S. 1899 provides: "All informations shall be signed by the prosecuting attorney and be verified by his oath or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information; verification by the prosecuting attorney may be upon information and belief." Under this section three modes of verifying an information are pointed out. First, the prosecuting attorney may verify it himself and in case he does so he is required only to make such verification upon his information and belief; second, the verification may be made by a person competent to testify as a witness in the case; or third, there should be an affidavit of such person which shall be filed with the information. We find that Fox, who verified the information in this case, was evidently a competent witness and in fact he was a witness in the case as his name is endorsed on the back of the information as one of the witnesses for the State. There was no motion to quash the information filed. It is settled by our adjudications that when the information is not verified in one of the modes provided by the statute or supported by affidavit filed therewith, and a motion to quash the information for that reason is filed and overruled, the cause will be reversed on appeal therefor. [State v. Bonner, 178 Mo. 424, 77 S. W. 463; State v. Sheridan, 182 Mo. 13, 81 S. W. 410; State v. Hannigan, 182 Mo. 15, 81 S. W. 406.] Our Supreme Court has recently gone over the question as to what part of the affidavit plays in the case and have held in effect that the affidavit is no part of the information, as appears from the fact that it is not required in all cases to be made by the officer but may be made by a

private citizen, which is sufficient; that the purpose of the affidavit is not to confer jurisdiction upon the court to try cases of the class of which this is one as that was done by the Constitution or law creating the court; that it is not the purpose of the affidavit to inform the defendant of the nature and the cause of the accusation because that is settled by the bill of rights; that the affidavit is something additional and *dehors* the body of the information which would not and could not make the information good if it were otherwise defective in substance; that the only purpose of requiring the affidavit is to afford the defendant a guaranty of the good faith of the prosecution, and to prevent the careless and reckless prosecution of a citizen; that such affidavit is no part of the information but is simply a step directed to be taken in aid of it, and being such, the sufficiency of the affidavit may be waived by defendant and is waived by his failure to file a motion to quash the information in the trial court because of the alleged insufficiency thereof. [State v. Brown, 181 Mo. 192, 79 S. W. 1111.] When the sufficiency of the verification of an information or affidavit filed therewith is not challenged in the trial court in the proper manner by motion to quash the information, the question is not open for review in the appellate court. [State v. Brown, supra; State v. Speyer, 182 Mo. 177, 81 S. W. 430; State v. Schnettler, 181 Mo. 173, 79 S. W. 1123.] In the case at bar the defendant was not subject to a careless and reckless prosecution upon a charge not verified by the oath of a citizen for the verification was by one who was competent to testify in the case. However that may be, it is unnecessary to decide here whether the verification by such private citizen upon his mere information and belief is sufficient or not. If the appellant had desired the question reviewed in this court, it was his duty to call the sufficiency thereof to the trial court's attention by motion to quash the information for that reason, saved his exceptions to the adverse ruling thereon, if such adverse

ruling had been made, and brought such exception here. There is no motion and no exception before us on this question. Appellant waived his right to have the matter reviewed in this court and under the authorities supra, the assignment in the motion in arrest of judgment is insufficient to present it for our consideration.

Finding no error in the record before us, the judgment is affirmed. All concur.