THE STATE OF MISSOURI, Respondent, v. J. R. WEYLAND et al., Appellants.

Kansas City Court of Appeals, December 2, 1907.

1. CRIMINAL LAW: Information: Contradictory Counts: Verification. Where an affidavit is required to a pleading, the latter must be such a paper as upon its face may be sworn to as true, so where an information contained different counts which contradicted one another, a single affidavit to the whole information left the information unverified. [Cases considered.]

2. ———: ———: ———: ———. And the fact that two of the counts may be dismissed at the opening of the trial, leaving a sole count consistent with itself, will not help the matter, since the affidavit must be tested by the matters to which it applied when made.

State v. Weyland.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED.

*Cole, Burnett & Williams* for appellant.

(1) Information in a criminal case, when not based upon the affidavit of a person having knowledge of the commission of a crime (Laws 1901, p. 139), are required by the statute to be verified. R. S. 1899, sec. 2477. (2) The first and second counts in the information in this case were not in any legal sense verified by the oath of the prosecuting attorney. Each count charged an independent statutory offense, each inconsistent with the other. The attempted verification of second count nullifies the attempted verification of first count. Such verification nullifies itself, is nugatory and abortive. Anderson's Dictionary of Law (1891), page 1087; 2 Bouvier's Law Dictionary (1878), pages 635, 636. Consult the word verify in the academic and general English Dictionaries: 8 Century Dictionary & Cyclopedia, 6728; Webster's Unabridged and International Dictionary; Standard Dictionary of the English Language, 2002; Universal Dictionary. (3) "The information not having been verified as the statute (secs. 2477, 2478, R. S. 1899) requires, and this failure having been brought to the attention of the circuit court by a timely demurrer, which was overruled and exception saved, and the point having been renewed in the motion for new trial and in arrest, the judgment must be reversed on this ground, and the defendant discharged." State v. Bonner, 178 Mo. 424; State v. Schnettler, 181 Mo. 173; State v. McGee and McGraw, 181 Mo. 315; State v. Sheridan, 182 Mo. 13.

*H. C. Compton,* for respondent, filed no brief.

ELLISON, J.—The defendant was convicted of being a licensed dramshop keeper and selling intoxicating liquor on Sunday. He has brought the case here by appeal.

The prosecuting attorney of Jasper county filed an information against the defendant verified by his oath. It contained three counts. The first charged that defendant was a licensed dramshop keeper on Sunday, the 18th day of March, 1906, and that on that day he sold intoxicating liquor at such dramshop. The second charged a different offense in that he sold the liquor on that day and that he was not a licensed dramshop keeper. The third charged that he sold liquor on that day, but does not allege anything as to his having a license or of his being a dramshop keeper. At the foot of the information following his signature is the prosecuting attorney's affidavit, "that the facts stated in the foregoing information are true according to his best information and belief." The defendant demurred to the information and the demurrer was overruled. At the opening of the trial the State elected "to stand on the first count," *but no new verification was made.*

It will be observed that the information, as a whole, presents the strange anomaly of charging defendant with being a licensed dramshop keeper at a certain time and place and with *not* being a licensed dramshop keeper at the same time and place. The first and second count are point-blank contradictions, each of the other. If we assume that in ordinary pleading different counts may state the same transaction, or act, in different ways, so as to cover the case made by the evidence, yet where, as here, a criminal pleading is required to be sworn to, in order to constitute a valid charge, it cannot be that it is allowable for it to contain directly contradictory statements of facts vital to the charge. Where an affidavit is required to a pleading the latter must be such a paper as, upon its face, may be sworn to as

true. If the paper on its face discloses that it is impossible to swear to it, within the bounds of truth, it is not a proper pleading. While different counts may charge separate offenses and in that sense may be independent of each other, yet it must be borne in mind that here, while there are different counts, there is but one affidavit which is made to cover the *entire* information. While the pleading is separated, the affidavit is *in solido* and affirms the truth of each division. To swear to two statements one of which absolutely contradicts the other, is, at least, tantamount to a failure altogether to verify. And it has been a number of times recently held that a failure to verify an information avoided a conviction thereunder. [State v. Bonner, 178 Mo. 424; State v. Schnettler, 181 Mo. 173; State v. McGee, 181 Mo. 315; State v. Sheridan, 182 Mo. 13.]

It has been held that a paper purporting to be an affidavit for an attachment stating that the debtor was about to assign or conceal *"any* of his property," was not such a paper as could be termed an affidavit. [Miller v. Munson, 34 Wis. 579; Goodyear Rubber Co. v. Knapp, 61 Wis. 103.] By way of illustration of the incongruities of separate counts in criminal proceedings, it was held in Butler v. State, 25 Fla. 347, that "Where two counts of an indictment charge a sale of liquor without license, and another count charges a violation of the local option law, the two sets of counts are irreconcilably repugnant, and the indictment is insufficient in law."

In State v. Boggess, 86 Mo. App. 632, the affidavit of the prosecuting witness was for a violation of the dramshop law. The information recited that the prosecuting attorney filed it on the affidavit of the prosecuting witness and on his information and belief; and in separate counts it charged a sale of liquor in violation of the dramshop law, and the merchants' law, and also the druggists' law. The evidence and conviction

was for selling in violation of the merchants' license law. The St. Louis Court of Appeals held that the prosecuting attorney could not take the equivocal position of bottoming the information on both the affidavit of the prosecuting witness and on his own belief, when one did and the other did not support the information. The court concluded the information was bottomed on the affidavit of the prosecuting witness for a violation of the dramshop act and as that did not support the offense of selling in violation of the merchants' law, of which the defendant was convicted, he was discharged. In further illustration we call attention to State v. Lockwood, 119 Mo. 463, in which there was a motion to quash the indictment on the ground that it charged an intentional and an unintentional killing. The motion was sustained and the judgment was affirmed. The Supreme Court said that "If the killing was 'willful' as charged in the indictment, then it could not have been accidental, or by 'culpable negligence.' The terms are inconsistent, and they cannot both be true." In State v. Shoemaker, 7 Mo. 177, the indictment described the counterfeit coin to be in imitation of the coin of the State of Missouri and further on described it as a Mexican dollar current in Missouri. It was held repugnant and bad. In the two last cited cases it is true there was but one count, but in the case in hand, while there is more than one count, there is, as we have already said, but one affidavit covering both counts.

It is true that under our statute (sections 2481, 2535, Revised Statutes 1899) trials will not be disturbed nor judgments arrested for "a repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged." But this statute will not permit such a contradiction as negatives a crime, or as will result in not indicating the particular crime charged. Thus in 2 Hawkins, Pleas of the Crown, section 62, chapter 25, it is said that if one material part of an

indictment is repugnant to another the whole is bad, "for the law will not admit of such nonsense and absurdities in legal proceedings, which, if suffered, would soon introduce barbarism and confusion. Also it takes off much from the credit of an indictment that those by whom it is found have contradicted themselves." In State v. Flint, 62 Mo. 393, Judge WAGNER quotes from 1 Chitty's Crim. Law, 231, that "it is essential that the charge should not be repugnant or inconsistent with itself for the law will not admit of absurdity and contradiction in legal proceedings." And so in State v. Lawrence, 178 Mo. 350, it was held that an information which charged that the defendant who attempted to sell books to a school district, represented that he was the agent of the State superintendent of public schools and also the State board of education to make the sales, was bad for repugnancy.

By way of answer to these suggestions we may again be met with the statement that they apply to single counts, whereas in this case, the repugnant charges are in separate counts. We make the same answer; that while it is conceded that distinct offenses may be charged in separate counts of an indictment or information, if they be of a general like nature, yet such concession does not aid the State. For while the conflicting charges here are contained in separate counts, they are both included in the one affidavit.

It is of no help to the State that two counts were abandoned as the trial opened, leaving one count consistent with itself. The affidavit must be tested by the matters to which it applied when made, you may refer to the abandoned counts to make the test. [State v. Knock, 142 Mo. 522, 523.] If untrue then, it could not be made true afterwards. If one should be indicted for perjury he could not defend by admitting the state-

ments to have been false when the oath was made, but that they subsequently became truths.

The judgment is reversed.   All concur.