## EX PARTE BIRD.

Ex parte Andrews, (18 Cal.) holding the Act of 1861, commonly called the "Sunday Law," to be constitutional, affirmed.

Where a party was charged with keeping open a bar for the sale of liquors on Sunday, in violation of the Act of 1861, and was convicted and committed to custody, and applied to the Supreme Court for a writ of *habeas corpus*, claiming his discharge on the ground that he kept the bar as part of the business of a hotel, and therefore had not violated the law : *Held*, that petitioner cannot avail himself of this defense, on this application, but must adopt some other mode—the complaint against him not showing that the bar was kept as part of the hotel business.

On *habeas corpus* it is not competent to retry issues of fact, or to review the proceedings of a legal trial.

APPLICATION to the Supreme Court for a writ of *habeas corpus*.

Petitioner was tried in a Justice's Court for Butte county, upon an affidavit charging him with the crime " of keeping open a bar on Sunday, for the purpose of doing business therein, a misdemeanor, committed in manner and form as follows : The said Ralph Bird, at a place called Oroville, etc.    *    *    did knowingly and unlawfully keep open a bar, and that the said Bird did then and there in said bar, in the said Ralph Bird's hotel, called the International Hotel, sell certain spirituous wines and malt liquors and cigars, to divers persons then and there assembled," contrary to the statute, etc. Jury waived, and defendant found guilty as charged, and sentenced to pay a fine of thirty dollars, and be imprisoned fifteen days if the fine be not sooner paid, to be discharged at the end of that time, or before if the fine be paid.

Petitioner avers that he was convicted in a Justice's Court of Butte county, on the charge of " keeping open a bar on Sunday, for the purpose of doing business therein," and is held in custody under sentence in pursuance of such conviction—the proceedings of the Justice being annexed to the petition as part thereof ; that the Act of May, 1861, under which he was convicted, is unconstitutional ; that he " is a hotel keeper, doing business in the town of Oroville, said county of Butte, and that the bar wherein he did business on the day charged in said complaint is part of, situated

in, and belongs to his said hotel business. Wherefore petitioner says he is excepted by the provisions of said Act, and is not guilty of any offense known to the law."

*H. O. & W. H. Beatty*, for the Writ.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We think there is no ground shown in the petition for the issuance of the writ. We have held already, in *ex parte* Andrews, that the "Sunday Law," as it is commonly called, is constitutional. We are entirely satisfied with that decision. It seems that the petitioner was convicted of a violation of this law. He claims in his petition that he did not violate its provisions; that he kept a bar in the hotel, as a part of the business of the hotel, and this is the sole charge against him. If this be true, he must avail himself in some other mode of this matter of defense. The writ of *habeas corpus* was not framed to retry issues of fact, or to review the proceedings of a legal trial. The complaint does not show that the bar was kept as a part of the business of the hotel.

Petition refused.