[No. 20261. In Bank. — February 17, 1887.]

Ex parte H. H. C. LEHMKUHL, on Habeas Corpus.

Habeas Corpus — Error will not be Reviewed on — Jurisdiction. — A party convicted of an offense by a court having jurisdiction of his person, and of the offense for which he was tried, cannot be discharged on *habeas corpus* because of errors of law committed by the trial court.

Application for a writ of *habeas corpus.* The facts are stated in the opinion.

*Moore & Reed,* for Petitioner.

*S. P. Hall,* and *J. M. Poston,* for Respondent.

Foote, C. — The petitioner was tried before the Police Court of the city of Oakland for a misdemeanor, viz., the commission of a nuisance, in obstructing Broadway, a street of said city.

The judgment was, that he pay a fine of ($2) two dollars, or be imprisoned until said fine be duly satisfied, at the rate of one day's imprisonment for each dollar of fine. The captain of the police of the city of Oakland has him in custody, by virtue of a writ of commitment issued from the Police Court of said city, under its judgment of conviction as aforesaid.

The only defense which the defendant set up (as he says in his petition for the writ) why he should not have been convicted and punished for his alleged offense was, that he was authorized by an ordinance of the city of Oakland to obstruct the street as he did.

The complaint upon which the defendant was tried properly charged an offense against the laws of this state, as defined in section 370 of the Penal Code, and made punishable as a misdemeanor under section 372 of the same code.

We do not perceive anything in the complaint or the record of the Police Court which shows that the defend-

ant had any justification or defense, which would bar his prosecution for the offense alleged against him. And the court which tried him had jurisdiction of the offense.   (Stats. 1873–74, p. 906.)

But the defendant contends that as a fact in the case, he was justified, by reason of a certain ordinance of the city of Oakland, in doing what would otherwise have been a violation of the state law.

This ordinance he quotes at length in his petition for the writ of *habeas corpus.*

Thus it appears that the court who tried the defendant had jurisdiction of his person and the offense for which he was tried, and that it tried, convicted, and sentenced him, perhaps, under an erroneous view of conflicting laws.   What this court is now asked to do is, to restore him to liberty on a writ of *habeas corpus,* because of the error of law committed by the trial court.

We do not perceive how, in such a proceeding, this court can review the alleged erroneous action of the court below.

" The writ of *habeas corpus* was not framed to retry issues of fact, or to review the proceedings of a legal trial."   (*Ex parte Bird,* 19 Cal. 130.)

The petitioner's contention involves only a question of mere error, and that cannot be inquired into upon the writ here invoked, but only upon proceedings in error. (*Ex parte Max,* 44 Cal. 579–581; *Ex parte Cohn,* 55 Cal. 193, and cases cited.)

The petition should be dismissed, and the petitioner remanded to the custody of the captain of police of the city of Oakland.

Searls, C., and Belcher, C. C., concurred.

The Court.—For the reason given in the foregoing opinion, petition dismissed and petitioner remanded.