[Crim. No. 1174. Third Appellate District.—October 19, 1931.]

In the Matter of the Application of FRANK VITALIE for a Writ of Habeas Corpus.

Cleveland R. Wright and Hugh H. Donovan for Petitioner.

Eugene D. Bennett for Respondent.

THOMPSON (R. L.), J.—This is a petition for a writ of *habeas corpus.*

The petitioner is charged by a complaint filed in Montezuma township, Solano County, with the misdemeanor of catching striped bass by means of a net, in violation of section 628a of the Penal Code as amended in 1931. The complaint contains the following charge: "That said Frank Vitalie . . . on or about the 30th day of August, A. D. 1931, at and in Sacramento River, in the said County of Solano, did then and there wilfully and unlawfully take and catch and kill striped bass other than with hook and line and in the manner commonly known as angling and did further then and there wilfully and unlawfully take, catch and kill more than five striped bass during said day."

Upon this charge the petitioner was taken into custody by the sheriff and is restrained of his liberty. The case has

not been tried. This petition for a writ of *habeas corpus* was then instituted.

The petitioner claims he is entitled to be discharged from custody for the reason that the court is without jurisdiction to try the cause on the ground that section 628a, *supra,* is ambiguous and unconstitutional, since, (1) it prohibits the catching of striped bass with a net, but authorizes the taking of shad by that same means, whereas a fisherman is unable to prevent bass from entering his net while he is lawfully seining for shad; (2) it absolutely prohibits the catching of bass with a net, but authorizes the sale of bass under certain specified conditions.

It appears the petitioner was engaged on August 30, 1931, in fishing for shad, with a lawful net, in open season therefor, at the mouth of Broad slough in Solano County, in Fish and Game District Number 12b. He was apprehended and arrested by the game warden for unlawfully catching striped bass. When his net was drawn in the presence of the game warden it was found to contain forty striped bass, together with some shad.

The first paragraph of section 628a of the Penal Code relates to the marketing of striped bass. It prohibits the buying or selling of bass between May 1st and July 31st, of any year. It prohibits the marketing at any time of bass which are less than twenty inches in length.

The second paragraph of this section of the code prohibits the taking, catching or killing of bass at any time during the year, except by means of a hook and line. This provision necessarily excludes the privilege of catching bass by means of a net. This paragraph also limits the catch of bass to five in number in a single day. It further prohibits the taking of bass which are less than twelve inches in length.

The third paragraph of this section of the code prohibits the catching of bass in Fish and Game Districts One, Three and 12a, between May 1st and July 31st, of each year. It then provides that: ''Any striped bass at least twenty inches in length . . . *accidentally taken* in shad nets with shad in district twelve 'B', between March 15 and May 1, . . . may be sold during said period anywhere in this state.''

The last paragraph of this section of the code designates certain open seasons during which it is lawful to catch shad

by means of a hook and line or with a net. The length of the shad which may be lawfully caught is specified. The character of the net which may be used is described. Other restrictions and provisions applicable to the catching of shad are enumerated.

It will be observed the statute absolutely prohibits the catching of striped bass at any time during the year by any means except that of angling with a hook and line, unless it may be said that the latter portion of the third paragraph of section 628a, *supra,* modifies the previous provision by authorizing the retaining of bass which accidentally get into the shad nets in district 12b during the period of time between March 15th and May 1st. The petitioner is not charged with catching bass in this last-mentioned season. Upon the contrary, he is charged with taking bass on August 30th. No provision of law authorizes the catching of bass by means of a net on this date. The complaint therefore states a good cause of action against the petitioner, unless the statute referred to is deemed to be unconstitutional.

The function of the writ of *habeas corpus* is to inquire into the jurisdiction of the court from which the process is issued under which the accused is held, and to pass upon the validity of the proceedings upon their face. (13 Cal. Jur. 218, sec. 4.) One who is restrained of his liberty on a charge which is founded on an unconstitutional statute is entitled to be discharged upon his application for a writ of *habeas corpus* either before or after conviction. (13 Cal. Jur. 225, sec. 8; 29 C. J. 35, sec. 23; *In re Gilstrap,* 171 Cal. 108 [Ann. Cas. 1917A, 1086, 152 Pac. 42]; Church on Habeas Corpus, 2d ed., 346, sec. 245a.) Migratory fish inhabiting the waters under the jurisdiction of California are deemed to be *ferae naturae,* the catching of which is subject to reasonable regulation by the legislature. For this purpose the legislature is empowered to divide the state into fish and game districts and to enact reasonable laws for their protection appropriate to the respective districts. (12 Cal. Jur. 545, secs. 2–8; 26 C. J. 623, sec. 42; art. IV, sec. 25½, Const.)

Section 628a of the Penal Code is not ambiguous or unconstitutional because paragraph two prohibits the catching of striped bass by means other than by the use of a

hook and line, while the latter portion of the following paragraph permits the sale of such bass in a specified district, during a designated period of time, which are "accidentally taken" while lawfully seining for shad. This entire section of the code was enacted at the same time. The latter portion of the third paragraph appears to be an express exception of the general provisions of the preceding paragraph. ■ It does not appear to be an unreasonable regulation of the industry of fishing for bass.

■ Neither is the act ambiguous or unconstitutional because it permits fishing for shad by means of a net during a portion of the same time when seining for striped bass is prohibited, for the reason that a shad fisherman is unable to keep the bass from his net. The fact that one may be unable to prevent bass from entering his net when he is lawfully seining for shad, does not render the law unreasonable or unconstitutional. If one may not lawfully catch shad without unlawfully taking bass, the result might render the shad permit inoperative. ■ The intent of the legislature to restrict the catching of bass is clear. The statute should be construed so as to uphold the law if reasonably possible. Shad and bass belong to distinct families of fish. There is no evidence they follow the same habits in regard to time and place of spawning, or that they swim in the same school. Both of these families of fish have been transplanted to the waters of the Pacific coast. No doubt the legislature has wisely restricted the fishing for striped bass to prevent their extermination. In the absence of evidence to the contrary, we must assume the differences in the rules for regulating fishing for shad and for bass are founded upon good reason.

■ It is argued that bass become entangled in the mesh of the net when one is lawfully engaged in fishing for shad, and that they die after a lapse of several hours. If this be true, there appears no good reason why fishermen may not haul in their nets more frequently to prevent the bass from dying, and then return them to the water.

■ The question as to whether the petitioner was engaged in fishing for shad in good faith and was not responsible for the illegal catching of bass, is a matter of defense. Mere matters of defense which do not go to the question of jurisdiction will not avail to discharge a peti-

tioner on *habeas corpus*, but must be presented on the merits to the trial court. (13 Cal. Jur. 238, sec. 19; 29 C. J. 44, sec. 36.)

The writ is discharged and the petitioner is remanded.

Plummer, J., and Preston, P. J., concurred.