[Crim. No. 1679. First Appellate District, Division Two.—November 10, 1932.]

THE PEOPLE, Appellant, v. ROBERT C. SHERMAN, Respondent.

418

U. S. Webb, Attorney-General and William F. Cleary, Deputy Attorney-General, for Appellant.

Robert C. Sherman, *in pro. per.*, for Respondent.

NOURSE, P. J.—This is an appeal by the State under section 1506 of the Penal Code, from an order of the superior court granting petitioner a writ of *habeas corpus.*

Petitioner was convicted in the Superior Court in Los Angeles County upon two counts, each charging a felony—issuing checks without sufficient funds. Judgment was duly entered from which he appealed. The judgment was affirmed (100 Cal. App. 587 [280 Pac. 708]). None of the points raised in this proceeding was raised on that appeal. While confined in the state penitentiary the petitioner applied to the Superior Court of Marin County for a writ of *habeas corpus.* In his petition he alleged that the two judgment commitments under which he was held in the state prison are void because the judgments and the record concerning them failed to show that he was present when the judgments were pronounced, and also that they fail to show that he was asked whether he had legal cause why sentence should not be pronounced. The petitioner also alleged that

the trial court had not at any time asked him if he had such legal cause and did not, prior to the pronouncement of the judgments, inform him of the nature of the charges against him, or of his pleas, or of the verdicts. The petitioner personally verified the petition before a notary.

The evidence of the record of the proceedings in the trial court discloses without possibility of contradiction that the petitioner in the verification of this petition committed deliberate and wilful perjury. Though this is evident from the unimpeached record, the trial court in this proceeding refused to require the petitioner to prove those facts and refused to permit the State to controvert them upon the record.

■ The warden's return consisted of the two judgment commitments, both of which were regular and disclosed that the prisoner was lawfully confined in the state penitentiary. When this return was filed the petition became *functus officio*. The petitioner might have made it a traverse to the return, but he did not do so. There was nothing before the court but the two judgment commitments issued from a court having jurisdiction of the person and of the subject matter. If jurisdiction was lacking in any respect it was incumbent upon petitioner to make his showing.

■ On this appeal the petitioner argues that the judgment commitments should show on the face that he was present when they were pronounced and that they should affirmatively show that he had been asked if he had any legal cause why sentence should not be pronounced. The statute (sec. 1207, Pen. Code) does not require the judgment to state either of those matters. It does require a brief statement of the offense and that was done. The same section provided for a judgment-roll to consist of (1) the indictment or information, and a copy of the minutes of the plea or demurrer, and all rulings thereon. (2) A copy of the judgment. The minutes of the arraignment for sentence are not included in the judgment-roll under this section.

■ On this appeal the case is simple. Petitioner made a collateral attack upon the judgment, pleading an irregularity and want of jurisdiction not shown by the judgment-roll. The certified record of the proceedings on arraignment for sentence disclosed the insufficiency of the attack. He objected to the offer of this record in evidence on the ground

that the State was thereby making a collateral attack upon the judgments. His objection was sustained. This was error because when the jurisdiction of any court is attacked, record evidence tending to prove jurisdiction is admissible. (*In re Chaus,* 92 Cal. App. 384, 388 [268 Pac. 422] ; *In re Williams,* 183 Cal. 11, 14 [190 Pac. 163].)

▇▇ But beyond this, the burden was on petitioner to show want of jurisdiction in the judgments, and "That his imprisonment or detention is unlawful, or that he is entitled to his discharge." (Sec. 1484, Pen. Code.) The petitioner did not meet this burden. He made no showing whatever. Hence, since the judgment commitments are valid on the face, issued from a court having jurisdiction, and recite all that the code requires them to recite, they are the valid "warrant, or other written authority . . . " (sec. 1480, Pen. Code) under which the warden retains the prisoner in custody.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 25, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1932.