[Crim. No. 1690. First Appellate District, Division One.—April 17, 1933.]

In the Matter of the Application of JACQUES LARABEE for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Appellant.

Jacques Larabee, *in pro. per.*, Joseph Rosenthal and Jerome A. Duffy for Respondent.

KNIGHT, J.—Petitioner is imprisoned in the state prison at San Quentin pursuant to a commitment issued by the Superior Court in and for Los Angeles County, based on a conviction of grand theft; and while thus imprisoned he applied to the Superior Court in Marin County for and was granted a writ of *habeas corpus*. At the conclusion of the hearing the court made an order remanding petitioner to the custody of the sheriff of Los Angeles County; and from said order the state has taken this appeal.

As grounds for the issuance of the writ petitioner alleged in his verified petition that the form of judgment embodied in the commitment was void for the following reasons: That neither the judgment nor the record concerning it showed that petitioner was present at the time of the pronouncement of judgment, or that the clerk of the court informed him of the nature of the charge, of his pleas thereto, or the verdict rendered thereon; and that he was not asked by the court or by anyone else whether he had any legal cause to show why the judgment should

not be pronounced against him. Furthermore, it was alleged as a fact that at no time prior to the pronouncement of judgment, nor at all, was he informed of the nature of the charge against him, of his pleas thereto, or the verdict thereon; nor was he at any time or at all asked if he had any legal cause to show why said judgment should not be pronounced.

In his return to the writ the warden set forth a copy of the commitment embodying the form of judgment; but petitioner did not file a traverse to the return, nor request that his petition be considered as a traverse thereto; nor did he offer any evidence, oral or documentary, in support of the allegations of the petition. It is held in the case of *People* v. *Sherman,* 127 Cal. App. 417 [15 Pac. (2d) 881], that under the foregoing circumstances the petitioner fails to sustain the burden resting upon him to prove a want of jurisdiction on the part of the court issuing the commitment; and that, therefore, in the state of the record above described, the relief sought should be denied. That case, which involved identical facts and the same contentions, was decided after the present proceeding was heard and determined in the trial court; and the reviewing court there said: ''On this appeal the petitioner argues that the judgment commitments [there were two in that case] should show on the face that he was present when they were pronounced and that they should affirmatively show that he had been asked if he had any legal cause why sentence should not be pronounced. The statute (sec. 1207, Pen. Code) does not require the judgment to state either of those matters. It does require a brief statement of the offense and [as in the present case] that was done. The same section provides for a judgment roll to consist of (1) the indictment or information, and a copy of the minutes of the plea or demurrer, and all rulings thereon. (2) A copy of the judgment. The minutes of the arraignment for sentence are not included in the judgment roll under this section.'' And the court then goes on to say: '' . . . the burden was on petitioner to show want of jurisdiction in the judgments, and 'That his imprisonment or detention is unlawful, or that he is entitled to his discharge.' (Sec. 1484, Pen. Code.) The petitioner did not meet this burden. He made no showing whatever. Hence, since [as

in the present case] the judgment commitments are valid on the face, issued from a court having jurisdiction, and recite all that the code requires them to recite, they are the valid 'warrant, or other written authority . . . ' (sec. 1480, Pen. Code) under which the warden retains the prisoner in custody.''

Petitioner makes no attempt to differentiate the above case from the present one, nor to refute the contention made by the state as to the merits of the appeal. ▮ It is argued, however, that the state is without a right of appeal from the order made by the trial court because under the terms of said order petitioner was ''remanded to the custody of the Sheriff of Los Angeles County''; and upon that ground petitioner moves for a dismissal of the appeal. We are unable to sustain such view. As will be seen from the wording of section 1506 of the Penal Code, pursuant to which the appeal was taken, the state may appeal in all cases wherein a defendant is discharged ''after his conviction, in all criminal cases prosecuted by indictment or information in a court of record . . . ''; and obviously the plain effect of the order made by the trial court herein was to discharge the prisoner ''after his conviction'' from the custody of the warden of the state prison, by whom, so far as this proceeding shows, he was then being lawfully imprisoned under a valid commitment; and the fact that the trial court at the same time ordered that the prisoner be remanded to the custody of the sheriff of the county from whence he was committed did not have the effect of depriving the state of its right of appeal, for the reason that in the face of a valid commitment the trial court was without power to make such order.

Petitioner's claim that the state is without a right of appeal in this matter is evidently based largely on the mistaken belief that said section 1506 provides (as the same is misquoted on the opening page of his points and authorities) that the state may appeal only where the final order discharges a defendant ''*from* his conviction''. But the statute is not so worded. It provides that such appeal may be taken from a final order discharging a defendant ''*after* his conviction'' (all italics ours), which, as will be seen, is quite a different matter.

The motion to dismiss the appeal is denied, and the order appealed from is reversed.

Tyler, P. J., and Cashin, J., concurred.

An application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1933.