[Crim. No. 1742. First Appellate District, Division One.—May 18, 1933.]

In the Matter of the Application of MILFORD B. MARTIN for a Writ of Habeas Corpus.

Milford B. Martin, *in pro. per.*, for Petitioner.

No appearance for Respondent.

THE COURT.—Petitioner is imprisoned in the state prison at San Quentin under a judgment of sentence imposed by the Superior Court in and for Los Angeles County for the crimes of bribing a witness and conspiracy to bribe a witness. The judgment of conviction was affirmed on appeal (*People* v. *Martin*, 114 Cal. App. 392 [300 Pac. 130]), and petitioner now seeks to be discharged on *habeas corpus.*

The application for the writ is filed by petitioner *in propria persona.* It contains some 560 closely typed and printed pages and is devoted chiefly to torrents of vituperation directed against those who were in any way identified with his prosecution and conviction, and against insurance companies generally. Incidentally some 40 specific grounds are urged for the issuance of the writ. An examination of those grounds discloses, however, that all but one relate to matters which were or should have been urged during the trial of the action, on motion for new trial, in arrest of judgment, or on appeal from the judgment of conviction; and which after affirmance of said judgment cannot be inquired into on *habeas corpus.* For instance, some of them are based upon accusations of fraud, conspiracy, corruption and impure motives on the part of the district attorney's office, the witnesses for the prosecution, a former attorney for the defense and certain insurance companies;

others in their nature are an attack upon the integrity of the trial judge, the jury and the court reporters; a number involve alleged errors of law which it is claimed were committed during the trial of the action; and several pertain to the weight of testimony and the credibility of certain witnesses, alleged misconduct of the district attorney, and the legal sufficiency of the evidence to support the verdict of the jury.

█ As held in the cases hereinafter cited the function of a writ of *habeas corpus* is to inquire into the jurisdiction of the court from whence the process is issued under which the accused is being held. (*In re Vitalie,* 117 Cal. App. 553 [4 Pac. (2d) 171].) It cannot be made the vehicle for the consideration of alleged errors where a conviction has been had and the commitment thereon is in due form; nor to subserve the office of a motion in arrest of judgment (*In re Stambaugh,* 117 Cal. App. 659 [4 Pac. (2d) 270]); nor can it be used as a means of considering the question of the insufficiency of the evidence (*In re Horr,* 177 Cal. 721 [171 Pac. 801]; *In re Williams,* 183 Cal. 11 [190 Pac. 163]; *In re Gutierrez,* 46 Cal. App. 94 [188 Pac. 1004]; *In re Jacobs,* 175 Cal. 661 [166 Pac. 801]; *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029]); nor for the purpose of reviewing errors alleged to have been committed in the course of the trial (*Ex parte Lehmkuhl,* 72 Cal. 53 [13 Pac. 148]; *Ex parte Noble,* 96 Cal. 362 [31 Pac. 224]). █ Furthermore, the affirmance on appeal of a judgment of conviction operates as a final adjudication against the appellant of all questions raised by the assignments of error or which could have been so raised (*In re Cohen,* 107 Cal. App. 288 [290 Pac. 512]; *France* v. *Superior Court,* 201 Cal. 122 [255 Pac. 815, 52 A. L. R. 869]). In the present case, as appears from the reported decision in California Appellate Reports, *supra,* petitioner was at all times represented by counsel; upon the affirmance of the judgment of conviction he petitioned the District Court of Appeal for a rehearing, and his petition was denied; he then petitioned the Supreme Court for a transfer of the cause to that court, and his petition was denied. Therefore, under the rules of the cases above cited, such judgment of affirmance precludes this court from considering any of the points now sought to be raised on *habeas corpus,* except the one embodied in the

forty-second specification (see page A–9 of the petition), wherein petitioner contends that the form of judgment set out in the commitment is void, in that it fails to show whether petitioner was present in court at the time judgment of sentence was pronounced; and that same point was held to be without merit in the recent cases of *People* v. *Sherman,* 127 Cal. App. 417 [15 Pac. (2d) 881], and *In re Larabee,* 131 Cal. App. 261 [21 Pac. (2d) 132].

It follows, therefore, that since no legal ground has been shown for the issuance of the writ, the application therefor should be and it is accordingly denied.