[Crim. No. 1774. First Appellate District, Division Two.—March 16, 1934.]

THE PEOPLE, Respondent, v. RAYMOND RHODES, Appellant.

Raymond Rhodes, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—On September 20, 1928, judgment was entered against the defendant convicting him of the crime of burglary. From that judgment no appeal was taken. Thereafter the defendant served notice that he would move the court for an order to annul, vacate and set aside the judgment of conviction. That motion was made and thereafter it was denied. From the order denying said motion the defendant has appealed and has brought up a type-written transcript certified by the clerk of the trial court. However, he has not brought up a reporter's transcript.

Thereafter the clerk prepared a supplemental transcript, which was received in this court on January 8, 1934, and the reporter prepared a transcript of the proceedings had at the time of the arraignment for judgment. The latter transcript was received and filed January 17, 1934. From an inspection of the record as so made up it cannot be ascertained what evidence, if any, was offered in support of the defendant's motion to annul, etc. In the notice it was recited that: "Said motion will be made and based on the files, papers, proceedings and records of the above entitled case now on file in the office of the county clerk of the county of Monterey, state of California." Assuming that the motion was made and supported, as stated in said notice, the record shows as follows: The information charged the defendant with burglarizing an inhabited dwelling. All of those allegations were admitted by the defendant when he entered a plea of "guilty". The information was filed on August 10, 1927. On that same date there were filed the depositions taken on the preliminary examination.

An examination of those depositions discloses that at about 4 P. M. on the twenty-eighth day of July, 1927, the defendant committed the act described in the information exactly as the same was pleaded in the information. The depositions also disclosed that after having entered the house described the defendant, while so in the house, assaulted Viola Nuttall. That fact was not recited in the judgment. Neither did it recite that the defendant was, or was not, armed with a deadly weapon. However, the entries made by the clerk in his minutes at the time that judgment was imposed, among others, included the following:

"The District Attorney, with the defendant and his counsel, Paul Pioda, Esq., are present in court. The court determines that the crime of which defendant has been convicted is the crime of burglary of the first degree."

In his first point the defendant asserts that without evidence to prove the degree of burglary the court fixed it at the first degree, contrary to the provisions of section 1097 of the Penal Code. As we have just pointed out, the record does not show whether evidence was taken or was not taken, neither does it show what that evidence, if any was taken, consisted of. In this state of the record every presumption is that the finding attacked was made on competent evidence. Furthermore, as we have shown, the depositions taken at the preliminary examination were on file and a part of the record in the superior court. Those depositions showed that the charge stated in the information was burglary in the first degree. In the absence of any showing to the contrary it will be assumed that the trial court examined those depositions and made its finding in accordance therewith. (*People* v. *Hall*, 105 Cal. App. 359, 362 [287 Pac. 533].)

The second and third points are closely related and are but different statements of the same contention. The defendant asserts that the judgment is uncertain. As recited above, the trial court did determine the degree and did comply with the provisions of section 1192 of the Penal Code. But the defendant claims that in fixing the degree as first degree the court did not determine and make a finding as to whether the defendant was, at the time of the burglary, armed with a deadly weapon; that if he was not so armed his punishment should have been fixed at im-

prisonment in the state prison for not less than five years (Pen. Code, sec. 461); and if he was so armed his minimum term should have been fixed at seven years (Pen. Code, sec. 1168, as amended July 29, 1927, Stats. 1927, p. 491). Continuing, the defendant argues that the judgment should have been so framed that on its face it would have shown the facts from which the board of prison directors could have definitely determined whether his minimum term was five or seven years. We think that the contention is not sound. It is not claimed that the judgment on its face does not recite every fact required by the statutes to be recited. (Pen. Code, secs. 1192, 1200 and 1207.) In rendering a judgment in a criminal action the trial court, at common law, was not required to make a finding on a fact not in issue. (16 C. J. 1319 et seq.) No statute prescribes any different rule of law. The judgment was sufficient. (*People* v. *Sherman,* 127 Cal. App. 417 [15 Pac. (2d) 881].) The defendant cites and relies on *People* v. *Stratton,* 133 Cal. App. 309 [24 Pac. (2d) 174]. No doubt there is some language contained in that decision supporting the defendant's contention. However, we are satisfied that the decision does not go as far as claimed by this defendant. The court that wrote it so held in a later case. (*People* v. *Bayne,* 136 Cal. App. 341 [28 Pac. (2d) 1068].) As so explained, the Stratton case contains nothing at variance with what we have said.

We think it is clear that the judgment in the instant case implies a punishment of imprisonment for the minimum term of not less than five years. That is as favorable to a defendant convicted of burglary in the first degree as any statute has provided since April 28, 1925. If, as defendant claims, the judgment is uncertain, the greatest relief he can ask is that the judgment be set aside. But in the event that such relief should be granted it is settled law that the defendant is not entitled to be discharged but merely to be remanded to the trial court and that it becomes the duty of the trial court to reframe the judgment. (*People* v. *Walker,* 132 Cal. 137 [64 Pac. 133].) If that course should be pursued no advantage can possibly be gained by the defendant. The act of May 26, 1927, amending section 1168 of the Penal Code, has since been amended. At the present time the minimum punishment of the defend-

ant must necessarily be five years whether at the time he committed the offense he was armed with a deadly weapon or was not so armed. (Pen. Code 1933, sec. 461, subd. 1, sec. 1168, subd. 2 [a].) It follows that if to any extent the judgment was uncertain the defendant has not been prejudiced thereby and the order appealed from should stand. (Pen. Code, sec. 1258; *People* v. *Kelly,* 120 Cal. 271, 274 [52 Pac. 587].) In the cited case the information charged the defendant with having committed the crime of burglary. It also pleaded prior convictions, etc. By his plea Kelly admitted the prior convictions but pleaded not guilty to the charge of burglary. The defendant was convicted. If there were no prior convictions under the statute as it then stood the maximum punishment was five years. As the prior convictions were admitted the maximum punishment was not less than ten years. In entering the judgment the clerk should have recited the facts regarding the prior convictions (Pen. Code, sec. 1207), but he did not do so. The judgment, however, designated the punishment as ten years. On appeal the defendant claimed the judgment was uncertain and excessive. In affirming the judgment, on page 274 the court said: "But here the judgment, while not in exact accord with the statutory requirement, recites all that was material to defendant; the offense charged is correctly designated, but there is a mere clerical misprision in omitting the statement of a fact going to augment the punishment, but which, notwithstanding such omission the court, as we have seen, had a right to and did consider. In such a case it would be the idlest ceremony, so far as affecting any right of defendant, to reverse the judgment. All that we could do would be to remand the cause, with directions to have a formal judgment entered by the clerk. This could be of no possible benefit to appellant while doing violence to that provision of our statute which requires that 'after hearing the appeal the court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties.' (Pen. Code, sec. 1258.)"

■ In his last point the defendant contends that section 459 of the Penal Code does not operate uniformly throughout the whole class of misdemeanor intents but arbitrarily singles out the intent to commit petit larceny,

thereby violating the equality clause of section 1 of the fourteenth amendment to the federal Constitution and section 11 of article I of the Constitution of California. The point is entirely without merit. The legislature may not in one section or one statute be required to enact all of the penal laws. It has provided, "Every person who enters any house . . . with intent to commit . . . petit larceny or any felony is guilty of burglary." (Pen. Code, sec. 459.) All burglars who enter with the intent to commit petit larceny are included—no favorites shown—therefore there was no violation of the equality clause relied on.

In his closing brief the defendant states that this court may not consider evidence of an entrance into any dwelling-house with the intent to commit the misdemeanor of battery, simple assault, etc. It is not contended to the contrary. However, by virtue of section 459, it is proper to consider assaults committed after the entry has been made.

Again, it is asserted that to prove the entry was made with intent to commit larceny there must be evidence that property, in the house entered, was actually taken, stolen and carried away. The contention is without merit. The intent of a person may be proved by his testimony or admission. (*Fanning* v. *Green*, 156 Cal. 279 [104 Pac. 308].)

It is next contended that the depositions taken before the committing magistrate may not be considered and the defendant cites section 686 of the Penal Code. That section is addressed to the direct evidence of witnesses on the trial of a criminal action. However, it contains nothing which supports the contention made by the defendant. He must concede at once that the district attorney, in framing an information, may base it on any offense shown by the depositions. (Sec. 809, Pen. Code.) Furthermore, if it be claimed that a defendant was not legally committed by a magistrate (sec. 995, Pen. Code), the committing papers are the record in support of or refutation of that contention. The trial court takes judicial notice of its own records in the proceeding on trial. (23 C. J. 109.) No authority is cited and we know of no reason why the trial judge when determining the degree of burglary may not consult the depositions returned by the committing

magistrate. (*People* v. *Paraskevopolis*, 42 Cal. App. 325 [183 Pac. 585].) In that case, at page 330, the court said: "We are not, however, to be understood as holding that the voluntary admission by the defendant, whether in the form of a mere statement or in that of a plea to the charge, that he is guilty of a particular degree of a crime divided into degrees, will not constitute a sufficient evidentiary predicate for the determination by the court of the question of degree, notwithstanding that such statement may not be, or such plea is not, given under oath. To the contrary, we think a voluntary statement or plea by the accused would be sufficient to uphold the determination by the court of the degree. But, even in such case, there must nevertheless be a determination by the court of the degree. In brief, there must be such a determination regardless of the character or nature of the evidence by which the fact is ascertained." (See, also, *People* v. *Hall*, 105 Cal. App. 359, 362 [287 Pac. 533].) *People* v. *Middleton*, 103 Cal. App. 135 [283 Pac. 976], contains nothing to the contrary.

Continuing the defendant asserts that the papers transmitted by the committing magistrate do not form a part of the judgment-roll. That will be conceded, but the defendant based his motion on "the files, papers, proceedings and records in the above entitled cause now on file in the office of the county clerk of the county of Monterey, state of California." Among such documents were the papers received from the committing magistrate.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.