[Crim. No. 278.  Fourth Appellate District.—October 6, 1934.]

In the Matter of the Application of EMMA CUTLER for a Writ of Habeas Corpus.

James M. Carter, Harry Wirin, J. Allan Frankel, David Ziskind, Grover Johnson and Leo Gallagher for Petitioner.

Elmer W. Heald, District Attorney, for Respondent.

JENNINGS, J.—Petitioner was convicted in the justice's court of Calexico Township in Imperial County by a jury of the offense of vagrancy as defined in subdivision 3 of section 647 of the Penal Code. As punishment therefor judgment was pronounced that she be confined in the county jail of said county for a period of six months. From the judgment thus rendered she prosecuted on appeal to the Superior Court of Imperial County. The appeal was unsuccessful. The judgment of the justice's court was affirmed and the action was remanded to said court for enforcement of the judgment. She now seeks to be discharged from custody by this proceeding.

In her petition for a writ of *habeas corpus* petitioner contends that her imprisonment is illegal and unlawful and that the superior court exceeded its jurisdiction in affirming

the judgment of the justice's court for the following reasons: (1) Subdivision 3 of section 647 of the Penal Code is unconstitutional; (2) the evidence which was produced during the trial of the case in the justice's court as disclosed by the record on appeal did not present facts which constitute a public offense and her conviction is therefore entirely unsupported by the evidence; (3) she was deprived of her constitutional right to be represented by counsel on the hearing of her appeal.

With respect to petitioner's claim that she was deprived of her right to representation by an attorney on the hearing of her appeal, the return shows that she was represented by an attorney at the hearing of the appeal and that a written brief was filed in her behalf by another attorney, which brief was read and considered by the court. It appears that petitioner contends that she was entitled to the presence of this second counsel on the hearing of her appeal and that she was deprived of this right by reason of the fact that this particular attorney had been assaulted and beaten by members of a mob of so-called "vigilantes" on the steps of the courthouse at El Centro, California, approximately six weeks prior to the hearing of her appeal, for which reason the attorney so assaulted submitted the matter of the appeal without oral argument. The petition, however, fails to show that on the hearing of the appeal, petitioner insisted on the right to have this second counsel present in court or that she asked for any continuance of the hearing for the purpose of having him present or that she objected to the hearing of the appeal because of the absence of this counsel. Inasmuch as the petition fails to show these facts and it does affirmatively appear that she was represented by counsel who orally argued in her behalf and that the absent attorney filed a written brief for her and submitted the matter without oral argument, her objection that she was deprived of her constitutional right to be represented by counsel is entirely lacking in merit.

Petitioner's contention that the evidence produced at her trial in the justice's court was insufficient to show the existence of facts constituting a public offense and to justify her conviction in said court is likewise unmeritorious.

The function of the writ of *habeas corpus* is to inquire into the jurisdiction of the court out of which the process

whereby an accused is being held issued. (*In re Vitalie*, 117 Cal. App. 553, 557 [4 Pac. (2d) 171]; *In re Martin*, 132 Cal. App. 64, 66 [22 Pac. (2d) 269].) It may not be made a vehicle for the consideration of alleged errors where a conviction has been had and the commitment is in due form, nor to subserve the office of a motion in arrest of judgment. (*In re Stambaugh*, 117 Cal. App. 659 [4 Pac. (2d) 270]; *In re Martin, supra.*) Certainly it may not be utilized as a method of considering the question of the alleged insufficiency of the evidence. (*In re Jacobs*, 175 Cal. 661 [166 Pac. 801]; *In re Horr*, 177 Cal. 721 [171 Pac. 801]; *In re Williams*, 183 Cal. 11 [190 Pac. 163]; *In re Gutierrez*, 46 Cal. App. 94 [188 Pac. 1004]; *In re Kaster*, 52 Cal. App. 454 [198 Pac. 1029]; *In re Trauger*, 88 Cal. App. 59 [262 Pac. 780]; *In re Hall*, 88 Cal. App. 212 [263 Pac. 295]; *In re Samaha*, 130 Cal. App. 116 [19 Pac. (2d) 839].) ▮ Finally, it must be remembered that petitioner duly prosecuted an appeal from the judgment of conviction and was unsuccessful therein. The affirmance of the judgment operated as a final adjudication against the appellant of all questions raised by the assignments of error or which could have been so raised. (*In re Martin, supra.*) The petition herein shows that one of the contentions which was presented by her on appeal as a ground for reversal of the judgment was "that the verdict was contrary to the evidence". Since she has thus directly attacked the judgment whose affirmance necessarily operated as a final adjudication of her contention that the verdict which formed the basis for the judgment was contrary to the evidence, she may not now collaterally attack it in the method which is here attempted and successfully urge the identical contention which was passed upon and determined adversely to her on her appeal.

Petitioner, however, strenuously contends that there is no evidence whatever to support the verdict and that for this reason the judgment of conviction which is based upon it was a judgment which was in excess of the jurisdiction of the court. It is therefore urged that since the function of the writ of *habeas corpus* is to inquire into the jurisdiction of the court which issued the commitment by whose authority petitioner is deprived of her liberty, it follows that this court is justified in examining the record for the purpose of discovering whether or not the justice's court exceeded its

jurisdiction in pronouncing the judgment of conviction. In support of this contention petitioner relies upon certain decisions of the courts of this state in cases where writs of *habeas corpus* have been sought by petitioners who have been adjudged guilty of contempt of court and in cases where writs of review have been sought by petitioners who have endeavored thereby to annul awards of the industrial accident commission of the state. It is pointed out that in each of these classes of decisions the reviewing court has examined the record for the purpose of discovering whether the court or commission had exceeded its jurisdiction in making the order or award attacked by the proceeding.

There is, however, a clear distinction between the situation which obtains in the accident commission cases and in contempt proceedings from that which is here presented. There is no appeal from an order of the accident commission granting or refusing an award and no appeal from an order of court adjudging one to be in contempt. The privilege which is afforded by the remedy of appeal of having the record examined for the purpose of establishing that the court's findings are not supported by the evidence is lacking to the unsuccessful suitor before the accident commission and to the individual who has been adjudged guilty of contempt. This privilege was, however, afforded to petitioner in the present proceeding and she availed herself of it by taking an appeal to the superior court. On this appeal, as heretofore noted, she contended, as one ground for reversal of the judgment of conviction, that the evidence was insufficient to support the verdict of the jury. Not only are we entitled to assume that the superior court considered the record of the proceedings in the lower court, which was submitted to it on the appeal, but it is specifically recited in the order affirming the judgment that the court had read the lower court's statement on appeal and the documentary evidence submitted therewith. We think that, having taken her appeal from the judgment of conviction and having had the matter of the alleged insufficiency of the evidence adjudicated on her appeal, she is not entitled by this proceeding to have the record again examined on her plea that the evidence placed before the jury was insufficient to sustain the verdict.

Furthermore, with respect to those decisions in contempt proceedings which are relied upon by petitioner as authorities

supporting her contention that this court should review the record of the justice's court, another distinction is apparent. It may be conceded that this class of decisions presents a situation that is, to some extent, analogous to the situation of petitioner in that the person found guilty of contempt has been so adjudged in a proceeding which is essentially criminal in character and has been punished therefor by being deprived of his liberty. By means of the writ of *habeas corpus* he attacks the court's order of commitment on the ground that the court exceeded its jurisdiction in that the evidence was insufficient to establish the commission of a contempt. The obvious distinction between this class of cases and that which is here presented is that in the cases involving contempt the record must be scanned for the purpose of discovering whether a contempt was in fact committed. The question of jurisdiction in these cases depends entirely upon the facts which were presented to the court that pronounced the judgment of contempt. No method of discovering whether the court exceeded its jurisdiction in pronouncing the judgment other than a consideration of the evidence which was the sole source of its jurisdiction is afforded. This distinction is clearly pointed out in the case of *In re Lake,* 65 Cal. App. 420 [224 Pac. 126]. It is there noted that contempt of court is a specific criminal offense and that the proceeding wherein a judgment of contempt is pronounced is one of a criminal nature and is summary in character. Finally, it is observed that the judgment in such a matter is final and conclusive and that one who has been adjudged guilty of contempt has but two remedies, *habeas corpus* and *certiorari,* in either of which the scope of inquiry is precisely the same. These matters of differentiation furnish a sufficient reason for making an exception in this class of cases to the usual rule that the writ of *habeas corpus* may not be used as a means of considering the question of insufficiency of the evidence.

Finally, it may be observed that, even if we were disposed to yield to petitioner's contention and to examine the evidence upon which the judgment of conviction depended, we are entitled to a full and complete record of the proceedings. This we do not have. It appears from the amended statement on appeal, which is attached to her petition and by reference made a part thereof that, at the time of her trial

in the justice's court, the People introduced three exhibits and petitioner introduced nine exhibits. None of these exhibits has been made a part of the record which is here before us and the failure to include them has precluded us from making that full examination of the evidence which petitioner demands even if we were disposed to do so.

As a final ground for the issuance of the writ herein, petitioner contends that the statute by virtue of whose provisions she was convicted and suffered imprisonment is unconstitutional. This statute is section 647 of the Penal Code. The petition alleges that she was charged with the offense of vagrancy as defined in subdivision 3 of said section 647. This particular subdivision declares that every person who roams about from place to place without any lawful business is a vagrant.

Petitioner's attack upon the constitutionality of the statute is based upon the following grounds: (1) That it is too broad and indefinite to state a public offense; (2) such a statute should be strictly construed in favor of a citizen's liberty; (3) roaming, loafing and idling are not wrongful acts *per se* and the prohibition of such acts seriously infringes upon the individual's right of liberty.

In support of these reasons for attacking the constitutionality of the statute, petitioner cites a number of cases from foreign jurisdictions and one California case. The California decision is the case of *In re McCue,* 7 Cal. App. 765 [96 Pac. 110]. From the statement of facts incorporated in the decision it appears that the petitioner for a writ of *habeas corpus* therein had been convicted of a violation of subdivision 5 of section 647 of the Penal Code. This subdivision provides that "every idle, or lewd, or dissolute person, or associate of known thieves" is a vagrant. The court in denying the writ remarked that while it doubted the competency of the legislature to denounce mere idleness as a crime *without some qualification* (italics ours), the same stricture was not applicable to lewdness or dissoluteness, which were terms indicative of the indulgence in practices whose tendency was to weaken or corrupt the morals of those who followed such practices and that they were therefore legitimate subjects for regulation or prohibition by the state. It is immediately obvious that the court's comment with respect to the doubt

that it entertained as to legislative competency to denounce mere inaction as a crime without qualification had reference solely to the word "idle" which appeared in the particular subdivision which the court was considering. It requires no unusual perspicacity to observe that roaming is not the equivalent of idleness. There is at least something more than a shade of meaning distinguishing the two terms. Furthermore, even though this obvious distinction be ignored, the court's doubt as to the legislative competency to denounce mere inaction as a crime is modified by the phrase "without some qualification". In subdivision 5 the word "idle" contains no qualification. In subdivision 3 "roaming" is qualified by the language "without any lawful business". As thus qualified we think that the individual who declares that his right to go and come as he chooses is unduly hampered thereby has small ground of complaint. If he is moved by the demands of some lawful business he is not amenable to the charge of vagrancy because of his roaming proclivities. We apprehend also that the qualification would not receive too strained a construction. The particular subdivision of the statute which is being here considered was evidently enacted to curb the wandering propensities of individuals who might offer a menace to the peace and well being of society in any locality whereto they might repair.

In *Ex parte Hayden,* 12 Cal. App. 145 [106 Pac. 839], the court declared that it could see nothing in the enactment of section 647 of the Penal Code which in anywise abridged the privileges or immunities of citizens or that it sought to do any more than to protect well-disposed and orderly citizens from the depredations of the idle and vicious.

We think that it is within the legislative power to define vagrancy and to provide that those who indulge in pointless, useless wandering from place to place within the state without any excuse for such roaming other than the impulse generated by what is sometimes denominated wanderlust, shall come within the definition and that such individuals may properly be penalized as the statute ordains.

The writ is therefore discharged and the petitioner remanded.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1934, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 5, 1934, for lack of jurisdiction.